JEFFREY K. GARFINKLE (Cal. Bar. No. 153496)
BRIAN T. HARVEY (Cal. Bar. No. 238991)
BUCHALTER NEMER
A Professional Corporation
18400 Von Karman Avenue, Suite 800
Irvine, California 92612-0514
Telephone: (949) 760-1121
Facsimile: (949) 224-6400

Special Counsel for Defendant
Ownit Mortgage Solutions, Inc.

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re | Case No. 1:06-bk-12579-KT |
| OWNIT MORTGAGE SOLUTIONS, INC., | Chapter 11 |
| Debtor. | Adv. No. 1:07-ap-01212-KT |
| | |
| AMY EBERLY, ERIN GOODMAN AND JAMIE KIRK, individually and on behalf of all others similarly situated, | **DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS UNDER FRCP 12(b)(6); MOTION TO STRIKE REQUEST FOR ATTORNEY'S FEES AND COSTS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| Plaintiffs, | |
| v. | Date: November 29, 2007 |
| OWNIT MORTGAGE SOLUTIONS, INC., | Time: 2:00 p.m. |
| | Place: Courtroom 301 |
| Defendant. | |

BN 1477392v2

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION ..................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ............................................ 2

I.      INTRODUCTION ................................................................................. 2

II.     STATEMENT OF FACTS ..................................................................... 4

    A.      Twenty-Three Days Before the Commencement of the Bankruptcy Case, Defendant Terminated Almost all of its California Employees............................. 4

    B.      After the Commencement of the Bankruptcy Case, Defendant Scheduled All of its Former Employees as Holding Priority Unsecured Claims.................... 4

    C.      Prior to the June 15, 2007 Claims Bar Date, 558 Former Employees Filed Proofs of Claim. ................................................................................. 5

    D.      Three Months After the Claims Bar Date, the Instant Adversary Proceeding Was Filed. ........................................................................................ 8

III.    LEGAL ANALYSIS ............................................................................. 10

    A.      Standard for Rule 12(b)(6) Motion to Dismiss ..................................... 10

    B.      The Proposed Class Action Adversary Proceeding Is an Improper Procedure for Asserting Claims in a Bankruptcy Case. ...................................... 11

    C.      Plaintiffs May Not Use an Adversary Proceeding to Bypass this Court's Discretion to Permit or Disallow a Class Proof of Claim ..................................... 14

    D.      This Adversary Proceeding Is Time Barred........................................... 16

    E.      Plaintiffs' Request For Attorney's Fess and Costs Must Be Stricken ................. 19

IV.     CONCLUSION ..................................................................................... 20

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
IRVINE

-i-

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS UNDER FRCP 12(B)(6); MOTION
TO STRIKE REQUEST FOR ATTORNEY'S FEES AND COSTS; ETC.

# TABLE OF AUTHORITIES

Page

**Cases**

*Aargus Polybag Co. v. Commonwealth Edison Co.*,
172 B.R. 586 (Bankr. N.D. Ill. 1994) ....................................................... 18

*Abercrombie v. Hayden Corp. (In re Abercrombie)*,
139 F.3d 755 (9th Cir. 1998) ................................................................. 19

*Astoria Federal Savings & Loan Assoc. v. Solimino*,
501 U.S. 104 (1991) ............................................................................. 10

*Ballistreri v. Pacific Police Dep't.*,
901 F.2d 696 (9th Cir. 1988) ................................................................ 10

*Birting Fisheries, Inc. v. Lane* (*In re Birting Fisheries, Inc.*),
179 B.R. 840 (D. Wash. 1995),
*aff'd.*, 92 F.3d 939 (9th Cir. 1996) .................................................... 13, 15

*Christian Life Ctr. Litig. Defense Comm. v.
Silva* (*In re Christian Life Center*),
821 F.2d 525 (9th Cir. 1987) ................................................................. 19

*Dade County School District v. Johns-Manville Corp.
(In re Johns-Manville Corp.)*,
53 B.R. 346 (Bankr. S.D.N.Y. 1985) ............................................. 11, 13, 14

*Fidelity Financial Corp. v. Fed. Home Loan Bank of San Francisco*,
792 F.2d 1432 (9th Cir. 1986) ............................................................... 10

*In re American Reserve Corp.*,
840 F.2d 487 (7th Cir. 1988) ................................................................. 14

*In re Bi-Coastal Corp.*,
133 B.R. 252 (Bankr. M.D. Fla. 1991) .................................................... 15

*In re Coastal Alaska Lines,* Inc.
920 F.2d 1428 (9th Cir. 1990) ............................................................... 17

*In re Dana Corp.*,
2007 Bankr. LEXIS 1934 (Bankr. S.D.N.Y. 2007) .................................... 18

*In re Ephedra Prods. Liab. Litig.*,
329 B.R. 1 (S.D.N.Y. 2005) ....................................................... 12, 13, 14, 15

*In re Health Maintenance Foundation*,
680 F.2d 619 (9th Cir. 1982) ................................................................. 17

*In re Osborne*,
159 B.R. 570 (Bankr. C.D. Cal. 1993) ................................................... 17

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
IRVINE

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS UNDER FRCP 12(B)(6); MOTION
TO STRIKE REQUEST FOR ATTORNEY'S FEES AND COSTS; ETC.**

*In re U.S. Aggregates, Inc. Securities Litig.*,
235 F. Supp. 2d 1063 (N.D. Cal. 2002) .................................................. 10

*In re Woodward & Lothrop Holdings, Inc.*,
205 B.R. 365 (Bankr. S.D.N.Y. 1997) .................................................. 15

*Mack v. South Bay Beer Distributors*,
798 F.2d 1279 (9th Cir. 1986)............................................................ 10

*Mammoth Mart, Inc. v. Cramer*,
536 F.2d 950 (1st Cir. 1976) ............................................................ 17

*McGlinchy v. Shell Chem. Co.*,
845 F.2d 802 (9th Cir. 1988)............................................................ 10

*Menick v. Hoffman*,
205 F.2d 365 (9th Cir. 1953)............................................................ 17

*Mullis v. United States Bankruptcy Ct.*,
828 F2d 1385 (9th Cir. 1987)............................................................ 10

*Pension Benefit Guaranty Corp. v. Sunarhauserman*,
126 F.3d 811 (6th Cir. 1997) ............................................................ 17

*Reid v. White Motor Corp.* (*In re White Motor Corp.*),
886 F.2d 1462 (6th Cir. 1989)............................................................ 15

*Welt v. Conston Corp.* (*In re Conston*),
181 B.R. 175 (Bankr. D. Del. 1995) .................................................. 13

*Western Mining Council v. Watt*,
643 F.2d 618 (9th Cir. 1981)............................................................ 10

*Wilson v. Valley Electric Membership Corp.*,
141 B.R. 309 (E.D. La. 1992) ............................................................ 15

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
IRIVNE

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS UNDER FRCP 12(B)(6); MOTION TO STRIKE REQUEST FOR ATTORNEY'S FEES AND COSTS; ETC.**

**FEDERAL STATUTES AND RULES**

**11 U.S.C.**

§ 501.................................................................................................................. 5
§ 502................................................................................................................ 11
§ 502(a)........................................................................................................... 11
§ 502(b)........................................................................................................... 11
§ 503(a)........................................................................................................... 18
§ 503(b)(1)(A).................................................................................................. 9
§ 503(b)(1)(A)(ii)................................................................................. 17, 18, 19
§ 507(a)(4)........................................................................................... 2, 5, 8, 9

**29 U.S.C.**

§ 2101............................................................................................................... 9
§ 2104(a)(6).................................................................................................... 19

**Fed.R.Civ.Proc.**

§ 12(b)............................................................................................................ 10
§ 12(b)6................................................................................................ 4, 10, 13
§ 23.............................................................................................................. 3, 14

**F.R.Bankr.P.**

Rule 3001........................................................................................................ 11
Rule 3002........................................................................................................ 11
Rule 3003........................................................................................................ 11
Rule 3003(c)(2)............................................................................................... 11
Rule 3007........................................................................................................ 12
Rule 7001........................................................................................... 11, 12, 13
Rule 7012........................................................................................................ 13
Rule 7012(b).................................................................................................... 10
Rule 7023.................................................................................................. 14, 15
Rule 9014.................................................................................................... 3, 15

**CALIFORNIA STATUTES**

**California Labor Code**

§ 201............................................................................................... 3, 8, 17
§ 203..................................................................... 2, 3, 7, 8, 11, 14, 16, 17
§ 218.5...................................................... 3, 8, 9, 11, 14, 16, 18, 17
§ 1400............................................................................................................. 9
§ 1404........................................................................................................... 19

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
IRIVNE

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS UNDER FRCP 12(B)(6); MOTION TO STRIKE REQUEST FOR ATTORNEY'S FEES AND COSTS; ETC.**

1                          **NOTICE OF MOTION AND MOTION**

2         TO THE HONORABLE KATHLEEN THOMPSON, PLAINTIFFS AMY EBERLY,

3 ERIN GOODMAN AND JAMIE KIRK, THEIR COUNSEL OF RECORD AND ALL

4 INTERESTED PARTIES:

5         PLEASE TAKE NOTICE that on November 29, 2007 at 2:00 p.m., or as soon thereafter

6 as this matter may be heard in Courtroom 301 of the above-captioned Court located at 21041

7 Burbank Boulevard, Woodland Hills, California 91367, Defendant Ownit Mortgage Solutions,

8 Inc ("Defendant" or "Debtor") will and hereby does move to dismiss Plaintiffs Amy Eberly, Erin

9 Goodman and Jamie Kirk's ("Plaintiffs") Complaint in this action on the grounds that Plaintiffs

10 have failed to state a claim upon which relief can be granted under Federal Rule of Civil

11 Procedure 12(b)(6), as made applicable pursuant to Bankruptcy Rule 7012, and, if any part of the

12 Complaint survives such relief, to strike Plaintiffs' requests for attorney's fees and costs under

13 Federal Rule of Civil Procedure 12(b)(6), as made applicable pursuant to Bankruptcy Rule 7012.

14         PLEASE TAKE FURTHER NOTICE that pursuant to Local Bankruptcy Rule 9013-

15 1(a)(7) any party wishing to oppose the relief requested in the Motion, must file a written

16 response and serve it upon counsel for the Defendant no later than 14 days prior to the hearing.

17 Failure to file and serve a timely opposition may be deemed to constitute consent to the relief

18 requested in this Motion.

19 DATED: November 5, 2007            BUCHALTER NEMER
20                                A Professional Corporation

21

22                            By: /s/ Jeffrey K. Garfinkle

                                      Jeffrey K. Garfinkle

23                                  Attorneys for Defendant

                                 OwnIt Mortgage Solutions, Inc.

24

25

26

27

28

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
IRVINE

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Prior to its cessation of business, the Debtor employed, in the aggregate, hundreds of employees across its various offices, with substantially less than 75 or 50 employed in many of its individual offices, including those in California.  Admittedly, in early December 2006, when its financial crises forced it to terminate its employees, the Debtor lacked the financial resources to pay its employees their then due wages and benefits.

Shortly after it filed for bankruptcy, the Debtor filed its Bankruptcy Schedules.  In those Schedules, the Debtor listed each of its nearly 800 former employees and the amount the employee was owed.  Consistent with § 507(a)(4) of the Bankruptcy Code, the Debtor indicated that up to $10,000 of each former employee's claim was entitled to priority classification.  None of the former employees' claims were listed as disputed, contingent, or unliquidated.  All of the employees received notice of the Debtor's bankruptcy filing.

The claims bar date in these cases was June 15, 2007 (the "Claims Bar Date").  Approximately 558 former employees timely filed individual proofs of claim.[1]  Plaintiff Amy Eberly ("Eberly") did not file a proof of claim.  Plaintiffs Erin Goodman ("Goodman") and Jamie Kirk ("Kirk") did file proofs of claim, but did not assert a claim under the WARN Acts (as defined below) or §§ 203 and 218.5 of the California Labor Code.

In blatant disregard of the Claims Bar Date and the order fixing the Claims Bar Date, three of the Debtor's former employees (Eberly, Goodman and Kirk) recently filed a class action adversary proceeding against the Debtor.  In that lawsuit, the Plaintiffs, on behalf of themselves and other former California employees of the Debtor, seek to have this Court grant each former California employee claims under the California and Federal Worker Adjustment and Retraining

/ / /

/ / /

/ / /

---

[1]  This total includes one proof of claim filed by the Oregon Bureau of Labor and Industries on behalf of 35 former employees.

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS UNDER FRCP 12(B)(6); MOTION TO STRIKE REQUEST FOR ATTORNEY'S FEES AND COSTS; ETC.**

Acts ("WARN Acts") and certain other provisions of the California Labor Code.[2]  Plaintiffs' counsel seeks to recover its attorneys' fees and costs incurred in this class action lawsuit.

This lawsuit must be dismissed as it is procedurally defective.  The submission of proofs of claim and the statutory process for objecting to claims is the sole and exclusive method for asserting and disputing claims against a bankruptcy estate.  The use of an adversary proceeding to prove a claim is improper.

Plaintiffs' use of an adversary proceeding to avoid the customary and usual process is readily apparent.  Under Bankruptcy Rule 9014 and existing case law, the decision whether to allow application of Rule 23 of the Federal Rules of Civil Procedure to permit the filing of class proofs of claim is discretionary.  Most courts have either rejected or strongly discouraged the use of class proofs of claims in those instances, such as in this case, where the majority of individual creditors that are the proposed members of the class have submitted their own individual claims. In contrast, Rule 23 automatically applies to an adversary proceeding.  Obviously, Plaintiffs want a situation where Rule 23 automatically applies.  In addition, Plaintiffs hope that by filing their claims as an adversary proceeding they avoid the consequences of their untimely assertion of the claims that are the subject of the adversary proceeding.

Under the Bankruptcy Code and Rules and the proposed plan of reorganization, there is an established process for asserting and resolving claims against the Debtor's estate.  Plaintiffs may not bypass that process simply by filing an untimely adversary proceeding.  In light of these procedural defects, the instant adversary proceeding must be dismissed.

/ / /

/ / /

/ / /

/ / /

---

[2] In the First Cause of Action in the Complaint, Plaintiffs seeks recovery under §§ 201, 203, and 218.5 of the California Labor Code.  Section 201 of the California Labor Code requires an employee to pay a terminated employee all "wages earned and unpaid at the time of discharge."  Section 203 authorizes the awarding of up to thirty days of additional wages as a penalty in those instances where an employer willfully fails to pay wages as required pursuant to § 201.  Section 218.5 authorizing the awarding of reasonable attorneys' fees and costs to the prevailing party in any action to recover nonpayment of wages.

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
IRVINE

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS UNDER FRCP 12(B)(6); MOTION TO STRIKE REQUEST FOR ATTORNEY'S FEES AND COSTS; ETC.**

## II.    STATEMENT OF FACTS[3]

### A.    Twenty-Three Days Before the Commencement of the Bankruptcy Case, Defendant Terminated Almost all of its California Employees.

Defendant is a California corporation which near the time of its bankruptcy case operated as a mortgage lender specializing in "subprime"/non prime loans to customers with weak or no credit histories for the primary purpose of purchasing residential real estate.  Plaintiffs allege that Defendant operated in California at the following offices:  Agoura Hills, North Hollywood, Pasadena, San Diego, Concord, Roseville, Irvine, and Thousand Oaks.  *See* Complaint, ¶ 6.  In the Complaint, Plaintiff labels these offices as the "California Facilities."  *Id.*

Plaintiffs allege that Defendant employed "not fewer than 275 full-time employees in the aggregate at the California Facilities and that it employed approximately 800 full-time employees throughout the United States." Complaint, ¶ 8.  Plaintiffs allege that the California employees were terminated on or about December 5, 2006.  Complaint, ¶¶ 2, 9.[4]

### B.    After the Commencement of the Bankruptcy Case, Defendant Scheduled All of its Former Employees as Holding Priority Unsecured Claims.

Based upon numerous considerations and events (none of which are relevant for the purposes of this Motion), Defendant voluntarily filed its Chapter 11 petition on December 28, 2006 (the "Petition Date") -- 23 days *after* Defendant terminated the vast majority of its California employees.

On February 9, 2007, Defendant filed its Bankruptcy Schedules.  Included in those Schedules is Schedule E—Creditors Holding Unsecured Priority Claims.  Schedule E consists of 195 pages, of which the first 193 pages list 772 former employees of Defendant.  Each of those employees is listed as holding priority and non-priority claims for "wages, accrued PTO, and/or

---

[3]  Consistent with the standards governing Rule 12(b)(6) motions, this Court must accept all of the facts, as alleged in the Complaint, as true.  Accordingly, this factual background is based upon the facts alleged in the Complaint, along with certain other matters for which this Court is entitled to take judicial notice.  Except for matters upon which this Court may take judicial notice, nothing in this Factual Background can or may be taken as a factual admission by Defendant.

[4]  Of course, the WARN Acts, if applicable, are potentially triggered only if the Debtor employed a statutory threshold number of employees at each of its offices.  The Complaint fails to establish that such thresholds ever applied during the relevant time periods.

commissions." No claims under the California and Federal WARN Acts or other provisions of the California Labor Code were scheduled. It is notable that none of the former employees' claims were listed as contingent, unliquidated or disputed.

On May 1, 2007, Defendant filed an Amended Schedule E. *See* Request for Judicial Notice ("RJN"), <u>Exhibit A.</u> In Amended Schedule E, Defendant merely added some additional taxing authorities and listed the known amount of their claims. No changes were made to the scheduled claims of former employees.

As established by Amended Schedule E, for the 772 former employees, Defendant calculated that they collectively hold approximately $4.07 million in unsecured priority claims (which pursuant to § 507(a)(4) of the Bankruptcy Code are capped at $10,000) and $7.2 million in nonpriority claims for wages, accrued paid time off ("PTO") and/or commissions. In addition, with respect to former employees that were owed amounts for expense reimbursement, those claims were separately itemized and listed in Schedule F—as unsecured non-priority claims.

**C.** **Prior to the June 15, 2007 Claims Bar Date, 558 Former Employees Filed Proofs of Claim.**

On March 15, 2007, Defendant filed its "Notice of Motion and Debtor's Motion for Order Establishing a Bar Date for Filing Proofs of Claim or Interest Pursuant to 11 U.S.C. § 501; Declaration of John duHadway in Support Thereof" (the "Bar Date Motion"). RJN, <u>Exhibit B.</u> Pursuant to the Bar Date Motion, Defendant requested that this Court fix June 8, 2007 at 5:00 p.m. Pacific time as "the last day by which parties may file proofs of *prepetition* claims or interest in this case," subject to certain limited exceptions. *Id.* at. pp. 5, 6 (emphasis added). As further explained in the Bar Date Motion:

> [T]he Debtor intends to collect and liquidate certain assets during the pendency of this case, evaluate and pursue claims, and develop a viable plan of reorganization acceptable to the Committee; the Debtor has been making substantial progress in these endeavors. A deadline for filing claims is necessary in order for the Debtor and other parties in interest to determine the total amount, number and types of claims that are asserted against the estate. The setting of a bar date will aid in the wind down of the estate and further administration of the case as promptly as possible."

Bar Date Motion, pp. 5-6, lines 28-6.

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS UNDER FRCP 12(B)(6); MOTION TO STRIKE REQUEST FOR ATTORNEY'S FEES AND COSTS; ETC.**

On April 10, 2007 the Court granted the Bar Date Motion and entered an order fixing June 15, 2007 (the "Claims Bar Date") as the deadline for filling proofs of claim (the "Bar Date Order"). RJN, <u>Exhibit C</u>. The Bar Date Order states that the, "[Claims] Bar Date applies to all entities, other than governmental units, holding claims against the Debtor (whether secured, unsecured priority or unsecured nonpriority) that ***arose prior to December 28, 2006***" (emphasis added). Further, the Bar Date Order goes on to require that the following creditors must file a proof of claim by the bar date:

> ORDERED that the following creditors *must* file a proof of claim on or before the General Bar Date . . .
>
> - Any claimant that has a claim against the Debtor that arose before December 28, 2007 [sic] that is not listed in the Debtor's Schedules or is listed in the Debtor's Schedules as a disputed, contingent or unliquidated claim and that desires to participate in this chapter 11 case or share in any distribution under a chapter 11 plan confirmed in this chapter 11 case…

It is undisputed that the claims now asserted by Plaintiffs, on behalf of themselves and as putative class representatives, all arose prior to December 28, 2006. [5]

The consequences to creditors of not timely filing a proof of claim for any claim that arose prior to December 28, 2006 specifically are set forth in the Bar Date Order:

> ORDERED that, pursuant to Bankruptcy Rule 3003(c)(2), any entity that is required to file a proof of claim in this chapter 11 case pursuant to the Bankruptcy Code, the Bankruptcy Rules or this Order with respect to a particular claim against the Debtor, but that fails to do so by the applicable Bar Date, ***shall forever be barred, estopped and enjoined from: (a) asserting any claim against the Debtor that*** (i) is in an amount, if any, that is identified in the Schedules on behalf of such entity as undisputed, noncontingent and unliquidated or ***(ii) is of a different nature or a different classification than any claim identified in the Schedules on behalf of such entity*** (any such claim being referred to herein as an "Unscheduled Claim"); or ***(b)* voting upon, or receiving distributions under, any plan of reorganization in this Chapter 11 case in respect of an Unscheduled Claim**;

---

[5] It appears the reference to December 28, 2007 in this paragraph of the Bar Date Order was erroneous. Rather, the reference should have been to December 28, 2006—the Petition Date. Regardless, since all of the claims of former employees arose prior to December 28, 2007, they are within the time periods covered by the actual language of the Bar Date Order.

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
IRVINE

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS UNDER FRCP 12(B)(6); MOTION TO STRIKE REQUEST FOR ATTORNEY'S FEES AND COSTS; ETC.**

Bar Date Order, p. 4, lines 13-22 (emphasis added).

Attached to the Bar Date Order is the proposed "Notice of Deadline to File Proofs of Claim or Interest in this Case" (the "Bar Date Notice"). The Bar Date Notice was served on all of Defendant's creditors, including the three individual plaintiffs, on April 13, 2007. As set forth in the first paragraph to the Bar Date Notice:

> On April 9, 2007, the United States Bankruptcy Court for the Central District of California . . . entered an order (the "Bar Date Order") . . . establishing certain deadlines ("Bar Dates") for the filing proofs of claim and proofs of interest against Ownit Mortgage Solutions, Inc. (the "Debtor") for "Claims" (as defined herein) that arose before December 28, 2006[.] **The Bar Date Order establishes June 15, 2007 (the "General Bar Date") as the deadline for (i) creditors to file proofs of claim against the Debtor and (ii) holders of ownership interests in the Debtor to file proofs of interest in the Debtor's estate**, except for the limited exceptions described below. (Emphasis in original).

RJN, Exhibit D. In the Bar Date Notice, Defendant's creditors were provided with the Bankruptcy Code's definition of the term "claim." Defendant's creditors were also advised of the consequences of their failure to file a proof of claim by the Claims Bar Date.

Hundreds of creditors timely filed proofs of claim. A review of the proofs of claim filed in this case reveals that of the 772 former employees who were scheduled as holding priority claims for unpaid wages, PTO and commissions, 558 of those employees timely filed proofs of claim. RJN, Exhibit E. Of those 558 former employees, only seven appear to have asserted claims under certain provisions of the specific California and Federal employment statutes that are the subject of this adversary proceeding.[6] RJN, Exhibit F.[7]

Of the three named Plaintiffs in the lawsuit, only two, Goodman and Kirk, filed proofs of claim prior to the General Bar Date. Eberly, the third named Plaintiff, did not file a proof of claim. RJN, Exhibit G. A simple review of the actual claims filed by Goodman and Kirk reveals

/ / /

---

[6] The seven employees that actually filed claims under the California or Federal WARN Acts or § 203 of the California Labor Code are Cynthia McCaul, Sandra Davis, Denise Fassbender, Erica Hellmann, James Yun, Seth Soloway and Marci Patera.

[7] Exhibit E is a chart summarizing the scheduled claims and filed claims filed by each of the former employees of Defendant .

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS UNDER FRCP 12(B)(6); MOTION TO STRIKE REQUEST FOR ATTORNEY'S FEES AND COSTS; ETC.**

that neither asserted a claim under §§ 203 and 218.5 of the California Labor Code or under the California and Federal WARN Acts.[8]

### D. Three Months After the Claims Bar Date, the Instant Adversary Proceeding Was Filed.

On September 12, 2007, the three Plaintiffs, on behalf of themselves and as proposed representatives of the class of former employees of Defendant, filed a complaint for (1) damages for failure to timely pay wages, (2) damages pursuant to the Warn Act, and (3) certain other declaratory relief. The Complaint was filed nearly three months after the Claims Bar Date. Plaintiffs filed the lawsuit in blatant disregard of the express provision of the Bar Date Order that unequivocally prohibits a creditor from asserting a pre-petition claim after the Claims Bar Date.

Plaintiffs' tactics are obvious. They were aware that under the provisions of the Bar Date Order they and all of Defendant's other creditors now are prohibited from asserting new claims that arose prior to December 28, 2006. So instead they filed this adversary proceeding. As explained in Section E below, this adversary proceeding is procedurally defective and must be dismissed.

The Complaint contains four separate causes of action. In the First Cause of Action, the three Plaintiffs, on behalf of themselves and other proposed class members, seek to recover at least $1,506,000 for "wages earned and unpaid" (the exact same claims that were itemized in Schedule E and were asserted by 558 employees in each of their proofs of claim) and a "penalty in an amount equal to one day's pay rate times thirty days, or not less than $1,506,000 in the aggregate." Complaint, ¶¶ 15, 16. As part of this First Cause of Action, the three Plaintiffs state that they seek "damages and other remedies arising from Defendant's willful failure to pay wages immediately upon employment termination, as required by California Labor Code § 201, including without limitation penalties." Complaint, ¶ 12(a). Plaintiffs admit that all of the

---

[8] In Kirk's proof of claim, for $1,984.44, she indicated that her claim was for wages, salaries and compensation from November 15, 2006 through December 5, 2006. Kirk indicated that her claim was entitled to priority classification and treatment, under §§ 507(a)(4) and (5) of the Bankruptcy Code. In Goodman's proof of claim, for $4,388.40, she indicated that her claim was for wages, salaries and compensation from November 15, 2006 through December 15, 2006. Goodman indicated that her claim was both a general unsecured claim and a priority unsecured claim.

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
IRVINE

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS UNDER FRCP 12(B)(6); MOTION TO STRIKE REQUEST FOR ATTORNEY'S FEES AND COSTS; ETC.**

terminations that are the subject of the lawsuit occurred well in advance of the Petition Date. Plaintiffs label these claims as "Wage Continuation." Lastly, as part of the First Cause of Action, these three Plaintiffs request an award of attorneys' fees and costs pursuant to California Labor Code § 218.5.

In the Second Cause of Action, the Plaintiffs request a judicial determination that their claims for "Wage Continuation" for the period after the Petition Date are entitled to either administrative priority pursuant to 11 U.S.C. § 503(b)(1)(A) or priority status pursuant to 11 U.S.C. § 507(a)(4). Complaint, ¶¶ 19, 7 (Prayer for Relief).

The Third Cause of Action seeks damages in the amount of 60 days wages and benefits under the Federal Worker Adjustment and Retraining Notification Act (29 U.S.C. §§ 2101, *et seq*.) (the "Federal WARN Act") and California Labor Code §§ 1400, *et seq*. ("California WARN Act"). As set forth in paragraph 32 to the Complaint:

> As a result of Defendant's violation of the WARN Act, Plaintiffs and the other members of the Proposed WARN Act Subclass have been damaged in amount equal to the sum of: (a) their respective lost wages, salaries, commissions, bonuses, accrued holiday pay, accrued vacation pay, 401(k) contributions for sixty (60) days; (b) the health and medical insurance and other fringe benefits that they would have received or had the benefit of receiving, for a period of sixty (60) days after the dates of their respective terminations; and (c) medical expenses incurred during such period by such persons that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period.

As set forth in Paragraph 7 in the Prayer for Relief to the Complaint, the three Plaintiffs seek $2.4 million in damages plus attorneys' fees and costs.

Finally, in the Fourth Cause of Action, the Plaintiffs seek a declaration that the "WARN back-pay accruing after the Petition Date" is entitled to administrative priority classification and treatment pursuant to 11 U.S.C. § 503(b)(1)(A) or unsecured priority classification and treatment pursuant to 11 U.S.C. § 507(a)(4). Complaint, ¶¶ 35, 9 (Prayer for Relief).

The Complaint is a transparent attempt by these Plaintiffs to assert new claims – arose before the Petition Date – months after Claims Bar Date. This lawsuit constitutes an attempt by these Plaintiffs and their counsel to expand the claims held by hundreds of other employees, who

either agreed with the scheduled amounts of their claims or who filed their own claims. For the reasons set forth in this Motion, the instant adversary proceeding must be dismissed.

### III.   LEGAL ANALYSIS

#### A.   Standard for Rule 12(b)(6) Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6), made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7012(b), provides for dismissal of a complaint for "failure to state a claim upon which relief can be granted." F.R.Civ P. Rule 12(b). The legal standard for dismissal of a complaint or cause of action under Rule 12(b)(6) is well established. A motion to dismiss for failure to state a claim may be granted where it appears that the plaintiff can prove no set of facts that would entitle it to relief. *Fidelity Financial Corp. v. Fed. Home Loan Bank of San Francisco*, 792 F.2d 1432, 1435 (9th Cir. 1986); *In re U.S. Aggregates, Inc. Securities Litig.*, 235 F. Supp. 2d 1063, 1068 (N.D. Cal. 2002). Dismissal can be based on either a lack of a cognizable theory or the lack of sufficient facts alleged under a cognizable legal theory. *In re U.S. Aggregates*, 235 F. Supp. 2d at 1068, *see also Ballistreri v. Pacific Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988). While all material allegations must be taken as true, "conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim." *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988).

Conclusions of law, conclusory allegations, unreasonable inferences or unwarranted deductions of facts need not be accepted. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Further, the Court need not accept as true allegations that contradict facts which may be judicially noticed. *Mullis v. United States Bankruptcy Ct.*, 828 F2d 1385, 1388 (9th Cir. 1987). For example, matters of public record may be considered, including pleadings, orders and other papers filed with the court or records of administrative bodies. *Mack v. South Bay Beer Distributors*, 798 F.2d 1279, 1282 (9th Cir. 1986) (overruled on other grounds in *Astoria Federal Savings & Loan Assoc. v. Solimino*, 501 U.S. 104, 111 (1991)).

/ / /

/ / /

/ / /

**B.**     <u>The Proposed Class Action Adversary Proceeding Is an Improper Procedure for Asserting Claims in a Bankruptcy Case.</u>

Filing an adversary proceeding, let alone a class action lawsuit, is not the correct procedure for asserting a unsecured, priority or administrative claim in a bankruptcy case. *See e.g., Dade County School District v. Johns-Manville Corp. (In re Johns-Manville Corp*.), 53 B.R. 346, 352 (Bankr. S.D.N.Y. 1985). The Bankruptcy Code, coupled with the Bar Date Order, require creditors who wish to assert a claim against the Debtor and participate in any distribution in the case to file a proof of claim. Section 502 of the Bankruptcy Code provides, "A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest… objects." 11 U.S.C. § 502(a). "[I]f such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim…" 11 U.S.C. § 502(b). Section 503(a) provides "an entity may timely file a request for payment of an administrative expense, or may tardily file such a request by the court for cause." Section 503(a) is the only means authorized by the Bankruptcy Code to assert an administrative claim. Such requests are limited to filing an administrative proof of claim, or a motion requesting payment of the administrative claim.

These Bankruptcy Code provisions are supplemented by specific Bankruptcy Rules. Bankruptcy Rule 3001 governs the form and contents of a proof of claim. Bankruptcy Rule 3002 governs the filing of proofs of claim. Bankruptcy Rule 3003 governs the filing of proofs of claim in Chapter 11 cases. Under Rule 3003(c)(2), a creditor whose claim is not scheduled, as is the case with these Plaintiffs' newly asserted claims under the California and Federal WARN Acts and §§ 203 and 218.5 of the California Labor Code, must file a proof of claim within the time fixed by the Court.

There is nothing in the Bankruptcy Code or the Bankruptcy Rules which permits a creditor to bypass the statutory and procedural requirements of filing a claim or a request for payment of administrative claim, by filing an adversary proceeding instead. There are sound reasons for this rule. Bankruptcy Rule 7001 sets forth the exclusive list of disputes that must be handled as adversary proceedings:

The following are adversary proceedings: (1) a proceeding to recover money or property, other than a proceeding to compel the debtor to deliver property to the trustee, or a proceeding under § 554(b) or § 725 of the Code, Rule 2017, or Rule 6002; (2) a proceeding to determine the validity, priority, or extent of a lien or other interest in property, other than a proceeding under Rule 4003(d); (3) a proceeding to obtain approval under § 363(h) for the sale of both the interest of the estate and of a co-owner in property; (4) a proceeding to object to or revoke a discharge; (5) a proceeding to revoke an order of confirmation of a chapter 11, chapter 12, or chapter 13 plan; (6) a proceeding to determine the dischargeability of a debt; (7) a proceeding to obtain an injunction or other equitable relief, except when a chapter 9, chapter 11, chapter 12, or chapter 13 plan provides for the relief; (8) a proceeding to subordinate any allowed claim or interest, except when a chapter 9, chapter 11, chapter 12, or chapter 13 plan provides for subordination; (9) a proceeding to obtain a declaratory judgment relating to any of the foregoing; or (10) a proceeding to determine a claim or cause of action removed under 28 U.S.C. § 1452.

F.R.Bankr.P. 7001. Notably absent from this list are any proceedings involving proofs of claim or requests for payment of an administrative payment. To the contrary, the Advisory Committee Note to Bankruptcy Rule 7001 expressly states, "Filing of proofs of claim and the allowances thereof are governed by Rules 3001-3005, and objections to claims are governed by Rule 3007. When an objection to a claim is joined with a demand for relief of the kind specified in this Rule 7001, the matter becomes an adversary proceeding." Advisory Committee Note, Bankruptcy Rule 7001. Except for the named Plaintiffs, all of the putative class members followed the claims process established by the Bankruptcy Code and mandated by the Bar Date Order. Plaintiffs' attempt to make an end-run around the claims process must be rejected.

The First and Third Causes of Action simply are assertions by Plaintiffs, on behalf of themselves and the putative class, of claims that arose before the Petition Date. The Second and Fourth Causes of Action seek a determination that some or all of these claims be afforded either administrative or priority classification and treatment under the Bankruptcy Code. This type of relief falls outside of the scope of Bankruptcy Rule 7001. As a result, Plaintiffs improperly have asserted their claims in form of an adversary proceeding and this lawsuit must be dismissed. *See In re Ephedra Prods. Liab. Litig.*, 329 B.R. 1, 13-14 (S.D.N.Y. 2005) ("[C]omplaint, when stripped of injunctive and declaratory demands . . . boils down to no more than a claim for money from the Debtors. Even [plaintiff's] seemingly frivolous RICO claim comes down to this. In

-12-

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
IRVINE

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS UNDER FRCP 12(B)(6); MOTION TO STRIKE REQUEST FOR ATTORNEY'S FEES AND COSTS; ETC.**

bankruptcy, the only appropriate way to assert a claim against a debtor's estate is through the timely filing of a properly executed proof of claim and not through an adversary proceeding.") (citations and internal quotation marks omitted).

The leading cases on this basic rule of bankruptcy law—that adversary proceedings may not be used as a substitute for the requirement to timely file proofs of claim or requests for payment of administrative claims—are *In re Ephedra Prods. Liab. Litig., In re Johns-Manville Corp.* and *Welt v. Conston Corp.* (*In re Conston*), 181 B.R. 175, 176 (Bankr. D. Del. 1995) (dismissing adversary proceeding on the grounds that "it cannot be used as a substituted for a proof of claim"). In *Johns-Manville*, a committee consisting of school districts timely commenced an adversary proceeding. In that lawsuit, a judicially recognized committee asserted claims on behalf of a variety of school districts (its constituency) that had not timely filed claims. The debtor moved to dismiss the lawsuit under Bankruptcy Rule 7012 and Rule 12(b)(6). As the *Johns-Manville* court framed the two issues before it:

> Two interrelated issues are thus presented for decision: 1) whether under any circumstances a class proof of claim may be filed in a bankruptcy case; and 2) whether a class action adversary proceeding may be commenced in the bankruptcy court seeking various forms of relief on behalf of entities who have not timely filed individual proofs of claim.

After concluding that class proofs of claim are not permitted by the Bankruptcy Code, the *Johns-Manville* court addressed the second issue.[9]

Focusing on Bankruptcy Rule 7001 and the fact that most of the school districts failed to file proofs of claim by the bar date, the *Johns-Manville* court noted as follows:

> [I]t is plain that it is neither necessary nor appropriate for a creditor to commence an adversary proceeding in order to have his claim adjudicated, for until objection is taken and sustained, that claim stands on equal footing with all other allowed claims for purposes of distribution of the debtor's assets.

---

[9] Defendant recognizes that the Ninth Circuit has determined that the Bankruptcy Code grants bankruptcy courts the discretion to allow class proofs of claim under appropriate circumstances, *see Birting Fisheries v. Lane (In re Birting Fisheries, Inc.)*, 92 F.3d 939, 939 (9th Cir. 1996), and that the portion of *Johns-Manville* decision holding that class proofs of claim are not permissible is not applicable in the Ninth Circuit. Nevertheless, the reasoning employed by the *Johns-Manville* court with respect to whether an adversary proceeding may be used to assert untimely proofs of claim applies with equal if not more force in this case.

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS UNDER FRCP 12(B)(6); MOTION TO STRIKE REQUEST FOR ATTORNEY'S FEES AND COSTS; ETC.**

*Johns-Manville*, 53 B.R. at 354 (internal quotations omitted). As the *Johns-Manville* court further noted

> [T]he *only* appropriate way to assert a claim against a debtor's estate is through the timely filing of a properly executed proof of claim. To permit persons who fail to file proofs of clam to maintain an adversary proceeding to assert their claims against the debtor would be fundamentally unfair to those creditors who have complied with the filing requirement of the Code and the Rules.

*Id.* at 354 (emphasis added).

These same grounds enunciated by the *Johns-Manville*, *Ephedra Prods. Liability Litig.*, and *Conston* courts apply with more force here. Here, the Claims Bar Date was June 15, 2007. None of the three Plaintiffs filed proofs of claims for damages under California and Federal WARN Acts or under §§ 203 and 218.5 of the California Labor Code prior to the Claims Bar Date. Unlike in *Johns-Manville*, where the lawsuit was filed on the bar date, the class action lawsuit in this case was not filed until nearly three months after the Claims Bar Date. In the absence of a timely filed class proof of claim, and based upon the authority that an adversary proceeding is not a substitute for the requirement to file a timely proof of claim, this lawsuit must be dismissed.

### C. Plaintiffs May Not Use an Adversary Proceeding to Bypass this Court's Discretion to Permit or Disallow a Class Proof of Claim.

Rule 7023 expressly states that Rule 23 of the Federal Rules of Civil Procedure applies in all adversary proceedings. In contrast, the decision whether to permit the assertion of class proofs of claim is subject to the discretion of the Bankruptcy Court. Obviously, Plaintiffs attempt to divest this Court of its discretion to decide whether Plaintiffs are entitled to assert a class proof of claim by filing this adversary proceeding.

As required under applicable law, the putative class representatives must first seek court permission to file a proof of claim. *In re Ephedra Products Liability Litigation*, 329 B.R. at 5. Under the case law, a bankruptcy court's determination to make Bankruptcy Rule 7023 apply to proofs of claim is an essential threshold requirement recognized universally in bankruptcy cases involving putative class claims. *See, e.g.*, *In re American Reserve Corp.*, 840 F.2d 487, 488 (7th

-14-

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
IRVINE

Cir. 1988) ("proof of claim on behalf of a class" requires bankruptcy judge to "elect[ ] to incorporate Rule 23 via [Bankruptcy] Rule 7023 via [Bankruptcy] Rule 9014"); *Reid v. White Motor Corp.* (*In re White Motor Corp.*), 886 F.2d 1462, 1470 (6th Cir. 1989) ("objection [to a class proof of claim] creates a contested matter for which the bankruptcy court is permitted, but not obligated, to direct that [Bankruptcy Rule] 7023 apply"), *cert denied*, 494 U.S. 1080 (1990); *Birting Fisheries, Inc. v. Lane* (*In re Birting Fisheries, Inc.*), 179 B.R. 840 (D. Wash. 1995), *aff'd.*, 92 F.3d 939 (9th Cir. 1996) (citing, *inter alia*, *American Reserve* and *Reid*); *In re Ephedra Products Liability Litigation*, 329 B.R. at 5 ("the [ ] class proof of claim cases hold that [Fed. R. Civ. P.] 23 may be invoked against the debtor only if the bankruptcy court first makes a discretionary ruling under [Bankruptcy] Rule 9014 to apply [Fed. R. Civ. P.] 23 to the proof of claim") (Rakoff, J.); *In re Woodward & Lothrop Holdings, Inc.*, 205 B.R. 365, 369 (Bankr. S.D.N.Y. 1997) (proceeding as a class claim is "not automatic" as Bankruptcy Rule 9014 "expressly incorporates many of the individual rules comprising Part VII of the [ ] Bankruptcy Rules but omits [Bankruptcy] Rule 7023.")  In summary, for a class claim to proceed:

> (1) the bankruptcy court must direct [Fed. R. Civ. P.] to apply, (2) the claim must satisfy the requirements of [Fed. R. Civ. P.] 23, and (3) the benefits that generally support class certification in civil litigation must be realized in the bankruptcy case.

*Id*. (citing cases).  In *Ephedra Products*, the District Court (sitting as a bankruptcy court following withdrawal of the reference) concluded that the failure of the putative class claimants to seek an early ruling under Bankruptcy Rule 9014 was a sufficient, independent basis to expunge putative class claims.  *Ephedra Products*, 329 B.R. at 8.  *See also Wilson v. Valley Electric Membership Corp.*, 141 B.R. 309 (E.D. La. 1992); *In re Bi-Coastal Corp.*, 133 B.R. 252 (Bankr. M.D. Fla. 1991).

Employing an adversary proceeding as a device to escape this Court's discretion to permit or disallow a class proof of claim is highly improper and extremely prejudicial to Defendant and

/ / /

/ / /

/ / /

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS UNDER FRCP 12(B)(6); MOTION TO STRIKE REQUEST FOR ATTORNEY'S FEES AND COSTS; ETC.**

the other parties in interest in this bankruptcy case. Obviously, this was Plaintiffs' intent when they filed this adversary proceeding. No other explanation is plausible.[10]

### D. This Adversary Proceeding Is Time Barred.

The Bar Date Order is abundantly clear that all creditors which hold "claims" that arose prior to December 28, 2006 were required proofs of claim on or before June 15, 2007. It is undisputed that no class proof of claim by former employees for damages under California and Federal WARN Acts and §§ 203 and 218.5 of California Labor Code was filed by the Claims Bar Date. It is also undisputed that Eberly did not even file a claim by the Claims Bar Date. The proofs of claims filed by Kirk and Goodman establish that neither of these creditors sought damages under California and Federal WARN Acts or §§ 203 and 218.5 of the California Labor Code. Regardless of whether the Plaintiffs' alleged claims may be entitled to administrative or priority status, the claims first arose before December 28, 2006 and, therefore, pursuant to the express language of the Bar Date Order, if the Plaintiffs desired to participate in the Chapter 11 case, they were required to file their claims on or before the Claims Bar Date. They failed to do so.

The purpose of the Claims Bar Date was and remains to allow Defendant and the other parties interest to develop a viable plan of reorganization. A deadline for filing claims is necessary in order for Defendant and other parties in interest to determine the total amount, number and types of claims that are asserted against the estate. The claims asserted by Plaintiffs, which appear to be in excess of $4.0 million above those already scheduled or asserted, constitute the exact type of pre-petition claims that must be known by Defendant and other parties in interest in order for them to develop a viable plan of reorganization. Given that Plaintiffs' claims were readily calculable as of the Petition Date, there is no reason why Plaintiffs could not have timely filed proofs of claim prior to the Claims Bar Date. In fact several of Defendant's other former employees did manage to file timely proofs of claim seeking recovery under the California

---

[10] It should go without saying that Defendant strongly believes that this Court should deny permission to these three Plaintiffs to file a class proof of claim that includes and duplicates, at least in a significant part, the 558 claims already filed by former employees and the scheduled claims for the remainder of the former employees. This is particularly true here where any putative class claim will be filed months after the Claims Bar Date and on the eve of or after plan confirmation.

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS UNDER FRCP 12(B)(6); MOTION TO STRIKE REQUEST FOR ATTORNEY'S FEES AND COSTS; ETC.**

and Federal WARN Acts and § 203 of the California Labor Code.  RJN, <u>Exhibit F</u>.

To the extent Plaintiffs seek to use class certification to elevate the priority of non-filed or tardy claims, such relief appears unavailable.  Here, it is undisputed that each of the Plaintiffs received notice of the Claims Bar Date and two of the three Plaintiffs timely filed proofs of claims.  Under controlling Ninth Circuit authority, actual knowledge of the pendency of the bankruptcy case before the bar date precludes a creditor from participating in distributions with creditors who filed timely claims.  *In re Coastal Alaska Lines,* Inc. 920 F.2d 1428, 1433-34 (9th Cir. 1990).  Nor can the named Plaintiffs now include new claims for violations of California and Federal WARN Acts or §§ 203 and 218.5 of the California Labor Code.  *See, e.g.*, *In re Osborne*, 159 B.R. 570, 573 (Bankr. C.D. Cal. 1993) ("a creditor is permitted to file a proof of claim after the bar date when the proof of claim is an amendment to a timely filed claim but not when the proof constitutes a separate and distinct claim (citing *Menick v. Hoffman*, 205 F.2d 365, 368 (9th Cir. 1953)).

Plaintiffs cannot argue that because a portion of their prepetition claims may be entitled to administrative priority (as alleged in the Second and Fourth Causes of Action) they are somehow excused from complying with the Bar Date Order.  The Bar Date Order unequivocally states that proofs of claim for all claims arising on or before the Petition Date must be filed by June 15, 2006.  In the Complaint, Plaintiffs acknowledge that they were terminated on December 5, 2006 and that their claims under California and Federal WARN Acts and §§ 201, 203 and 218.5 of the California Labor Code arose prior to the Petition Date.  *See* Complaint, ¶ 2.  The fact that a portion of their claims cover a portion of the postpetition period (specifically, the 37 days after the Petition Date) does not change the fact that the entire claim "arose" prepetition.  Courts uniformly are in agreement over this general rule of law.[11]

Nor can Plaintiffs argue that based upon § 503(b)(1)(A)(ii) of the Bankruptcy Code the

---

[11] *See e.g.*, *In re Health Maintenance Foundation*, 680 F.2d 619, 621 (9th Cir. 1982) (denying priority to severance pay claims based on consideration that was neither supplied to nor beneficial to trustee, since services of claimant had been provided prior to bankruptcy); *Pension Benefit Guaranty Corp. v. Sunarhauserman*, 126 F.3d 811 (6th Cir. 1997) (post-petition funding obligations under pension plan terminated post-petition "arose" pre-petition and are not entitled to administrative priority classification and treatment); *Mammoth Mart, Inc. v. Cramer*, 536 F.2d 950 (1st Cir. 1976) (employees' severance claims arose pre-petition, even though they became due and payable post-petition).

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS UNDER FRCP 12(B)(6); MOTION TO STRIKE REQUEST FOR ATTORNEY'S FEES AND COSTS; ETC.**

Bar Date Order and the Claims Bar Date do not apply to their newly asserted claims. Section 503(b)(1)(A)(ii) provides:

> After notice and a hearing, there shall be allowed, administrative expenses, other than claims allowed under section 502(f) of this title [11 USCS § 502(f)], including--
>
> (1) (A) the actual, necessary costs and expenses of preserving the estate including--
>
> (ii) wages and benefits awarded pursuant to a judicial proceeding or a proceeding of the National Labor Relations Board as back pay attributable to any period of time occurring after commencement of the case under this title, as a result of a violation of Federal or State law by the debtor, without regard to the time of the occurrence of unlawful conduct on which such award is based or to whether any services were rendered, if the court determines that payment of wages and benefits by reason of the operation of this clause will not substantially increase the probability of layoff or termination of current employees, or of nonpayment of domestic support obligations, during the case under this title[.]

This provision of the Bankruptcy Code was added as part of the 2005 amendments to the Bankruptcy Code.

The fact that the Bankruptcy Code now affords administrative classification and treatment to a limited subset of prepetition claims (certain prepetition wages and benefits along with certain claims for goods delivered within 20 days of the commencement of a bankruptcy case) does not relieve a claimant of its obligation to file a claim prior to the expiration of the claims bar date. *See e.g.*, *Aargus Polybag Co. v. Commonwealth Edison Co.*, 172 B.R. 586, 589 (Bankr. N.D. Ill. 1994). As the *Aargus* court stated,

> Administrative expense claims are the actual and necessary costs and expenses of preserving the estate, and are granted first priority in the distribution of the debtor's estate… These claims must be filed by the court-ordered bar date to enable the debtor and [its] creditors to know, reasonably promptly, what parties are making claims and in what general amounts.

*Id.* (internal quotation marks omitted). *See also In re Dana Corp.*, 2007 Bankr. LEXIS 1934 (Bankr. S.D.N.Y. 2007) (bankruptcy court disallowed administrative reclamation claim that was filed after the bar date for prepetition claims).

/ / /

E. **Plaintiffs' Request For Attorney's Fess and Costs Must Be Stricken.**

Throughout Plaintiffs' Complaint, there are requests for attorney's fees and costs pursuant to California Labor Code §§ 218.5 and 1404 and 29 U.S.C. § 2104(a)(6). For the same reasons that the General Bar Date and the Bar Date Order preclude the post-General Bar Date assertion of claims under California and Federal WARN Acts and § 203 of the California Labor Code, Plaintiffs are not entitled to recover attorneys' fees and costs either as prepetition unsecured claims or as administrative claims.

Assuming this Court disagrees with Defendant and determines the lawsuit should not be dismissed, this Court must rule that Plaintiffs are not entitled to recover attorneys' fees and costs against the Debtor as administrative claims (as requested in the Second and Fourth Causes of Action). Section 503(b)(1)(A)(ii) of the Code affords administrative classification only to "[W]ages and benefits awarded pursuant to a judicial proceeding or a proceeding of the National Labor Relations Board as back pay attributable to any period of time occurring after commencement of the case under this title, as a result of a violation of Federal or State law by the debtor…" There is no provision of § 503(b)(1)(A)(ii) or any other provision of the Bankruptcy Code which authorizes the recovery of attorneys' fees and costs as an administrative expense claim against a debtor.

Beyond the actual language of § 503(b)(1)(A)(ii), there are no other provisions of the Bankruptcy Code which would allow a pre-petition creditor to recover to recover post-petition attorneys' fees as an administrative claim. *See e.g.*, *Christian Life Ctr. Litig. Defense Comm. v. Silva* (*In re Christian Life Center*), 821 F.2d 525, 533 (9th Cir. 1987) (disallowed administrative priority to indemnitee for post-petition attorneys' fees covered by corporate indemnity); *Abercrombie v. Hayden Corp. (In re Abercrombie)*, 139 F.3d 755, 758 (9th Cir. 1998) (creditors' post-petition attorneys' fees incurred in litigation over a contract entered into before the bankruptcy petition are not entitled to administrative priority).

Accordingly, as to the Second and Fourth Causes of Action this Court must determine that Plaintiffs are not entitled to recover attorneys' fees and costs as administrative claims against the Debtor's estate.

# IV. CONCLUSION

Plaintiffs' Complaint is an improper attempt to circumvent the Bankruptcy Code's requirements for the filing of a proof of claim and strip this Court of its discretion to permit or disallow the assertion of a class proof of claim. The proper procedure for adjudicating a class proof of claim against the estate requires the Plaintiffs to first obtain court permission to file a class proof of claim. Assuming such permission is granted, the class representative files the class proof of claim and parties in interest then have an opportunity to review that claim and if appropriate object to the claim. Plaintiffs have failed to abide by any of these required procedural steps.

More significantly, the passage of the Claims Bar Date and the express language of the Bar Date Order prohibit the late assertion of any class proof of claim.

For the reasons set forth in this Motion, the Complaint must be dismissed. Alternatively, Plaintiffs' request for attorney's fees and cost, regardless of classification, must be stricken from the Complaint.

DATED: November 5, 2007   BUCHALTER NEMER
           A Professional Corporation


By: /s/ Jeffrey K. Garfinkle
        Jeffrey K. Garfinkle
        Attorneys for Defendant
        Ownit Mortgage Solutions, Inc.

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS UNDER FRCP 12(B)(6); MOTION TO STRIKE REQUEST FOR ATTORNEY'S FEES AND COSTS; ETC.**