


# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. SV 06-12579 KT |
| OWNIT MORTGAGE SOLUTIONS, INC., | Adv. No. SV 07-01212 KT |
| | Chapter 11 |
| Debtors. | **MEMORANDUM OF RULING ON DEFENDANT'S MOTION TO DISMISS UNDER FRCP 12(b)(6)** |
| AMY EBERLY, ERIN GOODMAN and JAMIE KIRK, individually and on behalf of all others similarly situated, | |
| Plaintiffs, | |
| vs. | DATE: November 29, 2007<br>TIME: 2:00 p.m.<br>PLACE: Courtroom 301<br>21041 Burbank Blvd.<br>Woodland Hills, CA |
| OWNIT MORTGAGE SOLUTIONS, INC., | |
| Defendant. | |

This motion to dismiss by defendant Ownit Mortgage Solutions ("Debtor") initially came on for hearing on November 29, 2007. The court heard argument at the initial hearing and considered, on a tentative basis, that the motion should be denied on the grounds that the claims bar date in this bankruptcy case did not apply to claims entitled to administrative status under 11 U.S.C. §503(b)(1)(A)(ii).

Section 503(b)(1)(A)(ii) became a part of the Bankruptcy Code pursuant to the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"). Section 503(b)(1)(A)(ii) has no precedent provision in the Bankruptcy Code. Because the provision is new, there is little guidance on the procedure for raising the claims entitled to treatment thereunder. The motion was continued for further consideration and the matter came on for ruling on February 5, 2008.

On further consideration, the court concludes that the motion to dismiss must be granted for the reasons set forth herein.

In this case, the Debtor's actions which give rise to claims under the WARN Act or the California Labor Code, i.e., the termination of employees, took place prior to the commencement of the Debtor's bankruptcy case. The period for which employee compensation may be required under the WARN Act and the California Labor Code extends from the prepetition period into the postpetition period, thereby implicating section 503(b)(1)(A)(ii).

Section 503(b)(1)(A)(ii) provides that the portion of the allowed claim "attributable to any period of time occurring after the commencement of the case" will be treated as an administrative claim "without regard to the time of the occurrence of unlawful conduct on which such award is based..."

Even though potential liability is calculated over a time that occurs both prepetition and postpetition, there is only one claim that arises out of the WARN Act or the California Labor Code statutes that are raised in this litigation. That one claim is based on prepetition conduct of the Debtor, arises prepetition, and must be asserted before the claims bar date passes. Section 503(b)(1)(A)(ii) governs treatment of the postpetition portion of an allowed claim under the WARN Act or the California Labor Code. Section 503(b)(1)(A)(ii) does not change the nature of the claim or alter the date it arose. No separate claims bar date is required for claims entitled to treatment under Section 503(b)(1)(A)(ii).

This interpretation gives effect to the statute. At the same time it is consistent with the history of administration of claims in bankruptcy and leaves the body of law on the timeliness of claims intact (Under controlling Ninth Circuit authority, an award of back wages accrued partly postpetition is a prepetition claim. In re Palau Corp., 18 F.3d 746 (9th Cir. 1994); In re Abercrombie, 139 F.3d 755 (9th Cir. 1998)).

In this adversary proceeding, none of the plaintiffs has standing to assert remedies under the WARN Act or Sections 203 and 218.5 or the California Labor Code raised in the litigation. Plaintifffs Erin Goodman and Jamie Kirk filed proofs of claim but did not assert any claims under the WARN Act of the California Labor Code statutes. Plaintiff Amy Eberly did not file a proof of claim at all. Therefore, as to these plaintiffs, the motion to dismiss must be granted.

2

The complaint is styled as a class action suit brought by the three named plaintiffs as individuals and "on behalf of all others similarly situated." There has been no certification of a class in this case. Dismissal of this adversary proceeding should be without prejudice, effective March 12, 2008. A separate order will be entered hereon.

Dated: FEB 0 7 2008

_____
Kathleen Thompson
United States Bankruptcy Judge

3

## CERTIFICATE OF MAILING

I hereby certify that copies of the **MEMORANDUM OF RULING ON DEFENDANT'S MOTION TO DISMISS UNDER FRCP 12(B)(6)** mailed to the following parties in interest:

DATED: FEB 0 8 2008

JON D. CERETTO
CLERK OF COURT

By: _____
Deputy Clerk

Jeffrey K. Garfinkle
Buchalter Nemer
18400 Von Karman Avene, Suite 800
Irvine, CA 92612-0514

Daniel I. Barness
Spiro Moss Barness Harrison & Barge
11377 W. Olympic Blvd., 5th Floor
Los Angeles, CA 90064-1683

Ira D. Kharasch
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, CA 90067

Office of the U.S. Trustee
21051 Warner Center Lane, Ste. 115
Woodland Hills, CA 91367

4