JEFFREY K. GARFINKLE (SBN: 153496)
BUCHALTER NEMER
A Professional Corporation
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612-0514
Telephone: (949) 760-1121
Facsimile: (949) 720-0182
Email: jgarfinkle@buchalter.com

Attorneys for Defendant
THE OWNIT LIQUIDATING TRUST

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re<br><br>OWNIT MORTGAGE SOLUTIONS, INC.,<br><br>    Debtor. | Case No. 06-12579 KT<br><br>Chapter: 11<br><br>Adv. Proceeding No. 07-1212 KT<br><br>**DEFENDANT OWNIT LIQUIDATING TRUST'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND OTHER RELIEF** |
| AMY EBERLY, ERIN GOODMAN AND JAMIE KIRK, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>OWNIT LIQUIDATING TRUST,<br><br>    Defendant. | Hearing Date:  May 13, 2008<br>Time:     10:00 a.m.<br>Ctrm:     301 |

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
IRVINE

BN 1912987v3

**DEFENDANT OWNIT LIQUIDATING TRUST'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

# TABLE OF CONTENTS

**Page**

I. PREFATORY STATEMENT ............................................................................. 1

II. INTRODUCTION ..................................................................................... 2

III. STATEMENT OF THE FACTS ..................................................................... 4

IV. ARGUMENT ........................................................................................ 6

    A. While Permissible, Class Proofs of Claim Are Only Sparingly Allowed ............... 6

    B. Class Certification Is Not Appropriate When Compensation to Class Counsel is Prohibited or Otherwise Unavailable ................................................. 10

    C. Plaintiffs Have Failed to Carry their Burden under Fed. R. Civ. P. 23 ................. 13

        1. Fed. R. Civ. P. 23 Must be Satisfied as to Each Proposed Class ............. 13

        2. Former Employees that Filed Claims May Not be Combined with Former Employees Who Did Not ............................................................ 14

        3. A Class Action is not the Superior Means to Adjudicate Employee Claims ......................................................................................... 14

        4. There Is No Risk of Inconsistent or Varying Adjudications .................... 15

        5. The Class Action May Not Include Former Employees that Have Executed Full Releases ................................................................... 16

        6. Proposed Counsel Has Not Carried its Burden under Rule 23(g) ............ 17

        7. The Proposed Class Notice Is Woefully Deficit and Misleading .............. 18

V. CONCLUSION ...................................................................................... 20

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
IRVINE

**DEFENDANT OWNIT LIQUIDATING TRUST'S MEMORANDUM OF POINTS AND AUTHORITIES; E**

<u>Page</u>

**Cases**

*Abercrombie v. Hayden Corp. (In re Abercrombie)*,
139 F.3d 755 (9th Cir. 1998) ................................................................. 11

*Betts v. Reliable Collection Agency, Ltd.*,
659 F.2d 1000 (9th Cir. 1981) ............................................................... 13

*Birting Fisheries, Inc. v. Lane* (*In re Birting Fisheries, Inc.*),
179 B.R. 840 (D. Wash. 1950) ................................................................. 6

*Christian Life Ctr. Litig. Defense Comm. v.
Silva* (*In re Christian Life Center*),
821 F.2d 525 (9th Cir. 1987) ................................................................. 10

*Doninger v. Pacific Northwest Bell, Inc.*,
564 F.2d 1304 (9th Cir. 1977) ............................................................... 13

*First Alliance Mortg. Co. v. First Alliance Mortg. Co.*
(*In re First Alliance Mortg. Co.*) ,
269 B.R. 428 (C.D.Cal 2001) ................................................................. 9

*In re American Reserve Corp.*,
840 F.2d 487 (7th Cir. 1988) ............................................................. 6, 8

*In re Bi-Coastal Corp.*,
133 B.R. 252 (Bankr. M.D. Fla. 1991) ..................................................... 7

*In re Certified Air Technologies, Inc.*,
300 B.R. 355 (Bankr. C.D. Cal. 2003) ............................................. 11, 12

*In re Ephedra Products Liability Litigation*,
329 B.R. 1 (S.D.N.Y. 2005) ..................................................... 3, 7, 8, 14

*In re Execuair Corp.*,
125 B.R. 600 (Bankr. C.D.Cal. 1991) ..................................................... 12

*In re F&C International, Inc.*,
1994 Bankr. LEXIS 274 (Bankr. S.D. Ohio 1994) ................................. 7, 8

*In re Musicland Holding Corp.*,
362 B.R. 644 (Bankr. S.D.N.Y. 2007) ..................................................... 9

*In re Sacred Heart Hospital of Norristown*,
177 B.R. 16 (Bankr. E.D. Pa 1995) ............................................... 8, 9, 15

*In re Thompson McKinnon Securities, Inc.*,
150 B.R. 98 (Bankr. S.D.N.Y. 1992) ....................................................... 3

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
IRVINE

**DEFENDANT OWNIT LIQUIDATING TRUST'S MEMORANDUM OF POINTS AND AUTHORITIES; E**

*In re Thomson McKinnon Securities, Inc.*,
  150 B.R. 98 (Bankr. S.D.N.Y. 1992) ........................................................................ 8

*In re United Financial Corp.*,
  277 B.R. 596 (Bankr. D. Del. 2002) ........................................................................ 15

*In re Woodward & Lothrop Holdings, Inc.*,
  205 B.R. 365 (Bankr. S.D.N.Y. 1997) ...................................................................... 7

*In re World Sales, Inc.*,
  183 B.R. 872 (9th Cir. BAP 1995) ...................................................................... 11, 12

*Kadjevich v. Kadjevich (In re Kadjevich)*,
  220 F.3d 1016  (9th Cir. 2000) ............................................................................... 12

*Ortiz v. Fibreboard Corp.*,
  527 U.S. 812 (1999) ............................................................................................... 14

*Otis v. U.S.*,
  419 U.S. 43 (1974) ................................................................................................. 18

*Reid v. White Motor Corp. (In re White Motor Corp.)*,
  886 F.2d 1462 (6th Cir. 1989) .............................................................................. 6, 7

*Warnell v. Ford Motor Co.*,
  205 F.Supp. 2d 956 (N.D. Ill 2002) ....................................................................... 18

*Wilson v. Valley Electric Membership Corp.*,
  141 B.R. 309 (E.D. La. 1992) ................................................................................. 7

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
IRVINE

**DEFENDANT OWNIT LIQUIDATING TRUST'S MEMORANDUM OF POINTS AND AUTHORITIES**

**11 U.S.C.**

§ 503(a)(3)(D) ................................................................................................ 11
§ 503(b)(1)(A)(ii) ...................................................................................... 4, 10
§ 506(b) ........................................................................................................ 11
§ 507 ............................................................................................................ 11
§ 1113 .......................................................................................................... 11
§ 1114 .................................................................................................... 11, 12

**29 U.S.C.**

§ 102(b)(2)(A) .............................................................................................. 15
§ 2101 ............................................................................................................ 2
§ 2102(b)(l) .................................................................................................. 15
§ 2104(a)(6) .................................................................................................. 10

**Fed.R.Civ.P.**

Rule 23 ................................................................ 2, 6, 11, 13, 14, 18
Rule 23(b) ............................................................................................ 14, 16
Rule 23(b)(1) ....................................................................................... 15, 16
Rule 23(b)(2) .................................................................................................. 16
Rule 23(b)(3) .................................................................................................. 14
Rule 23(c)(4) .................................................................................................. 13
Rule 23(g) ...................................................................................................... 17
Rule 23(g)(1)(A) ............................................................................................ 17
Rule 23(g)(1)(B) ............................................................................................ 18
Rule 23(g)(1)(C) ............................................................................................ 18

**California Labor Code**

§ 227 .............................................................................................................. 2
§ 1402.5(a) .................................................................................................... 15
§ 1404 ............................................................................................................ 10

**Moore's Federal Practice**

§ 23.120[3][d][ii] .......................................................................................... 18

Defendant THE OWNIT LIQUIDATING TRUST (the "Liquidating Trust"), respectfully submits the following Memorandum of Points and Authorities in opposition to the Motion for Class Certification ("Motion") filed on behalf of Plaintiffs Amy Eberly, Erin Goodman and Jamie Kirk (collectively, the "Plaintiffs").

## I.

## **PREFATORY STATEMENT**

There is absolutely no need for class certification in this case.

Spiro Moss & Barness ("SMB") wants to have its three clients chosen as the class representatives and have themselves proclaimed as "class counsel."  SMB then wants to be authorized to file administrative claims on behalf of certain of the Debtor's former employees who were employed at two different facilities in California.  The fundamental flaw in SMB's request is two fold.  One, the general process for filing and resolving claims in a bankruptcy case is well designed to handle to prosecution of administrative claims that may be asserted by former employees.  Two, there is no authority under the Bankruptcy Code or Rules, or the confirmed Plan, by which class counsel may be compensated from the Liquidating Trust.  Likewise, there is no legal authority by which this Court can surcharge the individual claims of former employees, or the distributions thereon, to pay class counsel's legal fees.  Because in bankruptcy there is no procedure for compensating class counsel, most bankruptcy courts disallow class certification for the prosecution of individualized claims of the sort that are now the subject of the proposed class proof of claim.

There is, however, an alternative.  There is nothing preventing SMB from being engaged by any of the Debtor's former employees individually.  Nor is there any impediment to this Court resolving the timely filed administrative claim of any other former employee. To the extent that former employees other than the Plaintiffs have timely asserted similar administrative claims, this Court can evaluate such claims and administer them in a consolidated proceeding.

This bankruptcy case is now over a year old.  There is a confirmed Plan under which the Liquidating Trust is now resolving and paying claims in accordance with its terms. That claim

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
IRVINE

**DEFENDANT OWNIT LIQUIDATING TRUST'S MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION, ETC.**

resolution process should not be disrupted by allowing the assertion of a class proof of claim where the grounds for class certification have not been met.

## II.

## INTRODUCTION

Approximately eight months after the debtor OwnIt Mortgage Solutions, Inc. ("Debtor"), filed its bankruptcy petition, three of its former employees initiated an adversary action entitled "Class Action, Chapter 11" with the filing of the Complaint against the Debtor, pursuant to Section 203 *et seq.*, of the California Labor Code and 29 U.S.C. 2101 *et seq.*, seeking, among other things, accountings and recovery of wages, bonuses, commissions, accrued benefits and other unspecified compensatory damages – for themselves and others – allegedly stemming from a sudden mass employment layoff at two locations (from December 5 to 28, 2006), and unspecified claims of unpaid wages, employee benefits and other damages (*See* pp. 15-17 of the Complaint, on file herein).

The Complaint further states that the action is being brought pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") on behalf of the named Plaintiffs and for a "class" consisting of those former employees of the Debtor, who were allegedly terminated without cause and without being paid their final wages pursuant to Section 227 of the California Labor Code; and, for a "sub-class" of some of those same employees who, on or about December 5, 2006, were terminated in a sudden mass-layoff involving plant closings in a WARN Act defined facility.

Following this Court's granting Plaintiffs the right to file administrative claims, Plaintiffs filed the instant Motion seeking class certification under Rule 23 on the basis of the pleadings in the Complaint. The adversary action presented in the Complaint is, in reality, a thinly disguised "class proof of claim."

In support of their Rule 23 motion to certify a "class" and "sub-class," Plaintiffs incorrectly argue that class certification in WARN Act cases is routinely granted by courts and, in fact, is particularly amenable to class action litigation, because it provides limited recovery. (*See* p. 10, 1-16 of the motion, on file herein). But, this is not so. Class action litigation under bankruptcy law is different – bankruptcy law significantly changes the balance of factors to be

considered in determining whether to allow a class action in a bankruptcy proceeding – and class certification is not favored. *In re Ephedra Products Liability Litigation*, 329 B.R. 1, 5 (S.D.N.Y. 2005).

To be clear, class actions in bankruptcy are very reluctantly granted and are most often found to be less desirable in bankruptcy than in ordinary civil litigation, particularly where, as here, the Complaint is in reality a disguised "class proof of claim" to assert and resolve individual claims. *See, e.g., id.* More specifically, bankruptcy courts have traditionally been reluctant to apply Bankruptcy Rule 7023, especially in liquidation cases. *In re Thompson McKinnon Securities, Inc.*, 150 B.R. 98, 101 (Bankr. S.D.N.Y. 1992).

There are several basic and fundamental reasons for courts' refusal to allow class actions in bankruptcy cases:

- The Bankruptcy Code and Rules are structured and designed to have each creditor listed in the bankruptcy schedules and if that creditor disagrees with the scheduled claim, file her own claim, and where a creditor asserts an administrative claim, to file an administrative claim. To the extent the debtor/trustee disagrees with the asserted claim, a claim objection proceeding is initiated to resolve the underlying disputes.

- Once the claim is allowed, the claim is treated and paid in accordance with the applicable provisions of the Bankruptcy Code, and in Chapter 11 cases, in accordance with the terms of a plan of reorganization.

- There is no authority in the Bankruptcy Code for awarding class counsel fees and costs as an administrative claim against an estate. As such, class counsel must look to their clients to pay their fees and costs.

- In order to assess or surcharge the claims of, and distributions to, individual creditors, class counsel needs to have the prior written approval of *each* creditor.

- While the applicable Federal and California WARN statutes allow for awarding attorneys' fees and costs, such an award would only be an unsecured claim against a bankrupt former employer.

This Court has ruled that the three Plaintiffs are time barred from asserting non-administrative expense Federal or California WARN claims.  As explained below, there is no legal way to compensate class counsel from either the Liquidating Trust or the distributions payable to former employees.

In connection with the Motion to Allow Late-Filed Claims, this Court ruled that the Plaintiffs are entitled to assert administrative Federal and California WARN claims under Bankruptcy Code section 503(b)(1)(A)(ii) against the Debtor.  No other former employee has similarly sought such relief, but other former employees have filed proofs of claim including, in some instances, claims based upon their termination.  The allowance or disallowance of such filed claims is now the subject of the Liquidating Trust's claims resolution process.  In fact, the Liquidating Trust has settled a number of such claims, which settlements include a disclosure of the pending litigation with the Plaintiffs and a waiver of any Federal and California WARN claims.  Plaintiffs and their counsel would like to substitute their judgment for that of the other former employees.  Such paternalism is not grounds for class certification.  More importantly, during the claim resolution process, to the extent a dispute arises, this Court can evaluate the filed proofs of claim and decide the best means of resolving those claims.  In the meantime, for all of the reasons set forth in this opposition, class certification must be denied.

## III.

## STATEMENT OF THE FACTS[1]

The Debtor was a faltering business in December 2006.

After beginning business as a small wholesale mortgage lender specializing in sub-prime and non-prime residential real estate loans, the Debtor's volume of loan originations reached approximately $570 million in 2002.  The following year, an investment group comprised of William Dallas, CIVC Partners, a private equity firm, and others, acquired all of the Debtor's common and preferred stock  then held through a holding company named Ownit Holdings, LLC.

---

[1] The following facts are derived from a variety of court-filed documents, such as the approved Disclosure Statement, and declarations filed with the Court.  The Liquidating Trust do not believe that any of these facts, with the possible exception of whether the Debtor was a faltering business in December 2006, are contested.

In September 2005, Merrill Lynch L.P. Holdings, Inc., together with certain affiliates, acquired a minority stake in Ownit Holdings (the Debtor's parent company), becoming a member of the holding company with William Dallas and CIVC Partners.

Through 2005 and into early 2006, the Debtor grew into one of the fastest-growing and leading subprime lenders in the nation to approximately $8.3 billion. By mid-2006, the Debtor was on track to surpass the 2005 figure of $8.3 billion and, indeed, increased its previous year's loan originations by 44% in the first five months of 2006 issuing approximately $5.46 billion in loans.

The Debtor's business involved originating residential real estate loans and then selling substantially all of these loans to third party loan purchasers. In the event of a loan default or delinquencies or other conditions subject to the terms of the applicable loan sale documents, the loan purchasers could put back certain loans to the Debtor and require that it purchase the loans and assume the risk of defaults. The Debtor was the recipient of numerous such demands from its loan purchasers.

The Debtor's business was financed by warehouse lines of credit provided by Merrill Lynch Mortgage Capital LLC ("MLMC") and JP Morgan Chase Bank, N.A. ("Chase"). In early November 2006, Chase declared an event of default and notified the Debtor that it would terminate the warehouse line of credit effective December 13, 2006.

During the next two weeks, the Debtor's then senior management worked around the clock to restructure its warehouse line of credit, renegotiate with the loan purchasers over their repurchase requests, and raise new capital in order to stay open for business. .

On December 1, 2006, MLMC made a margin call against the Debtor[2] and swept nearly $15 million of the Debtor's money, which left the Debtor with about $7.4 million in liquid funds.

Faced with the reality that Ownit was a faltering business, on or about December 2, 2006 and continuing thereafter, the Debtor, Chase and MLMC entered into negotiations in an attempt to resolve the Debtor's financially stressed situation. Through the negotiations, the Debtor

---

[2] The Liquidating Trust disputes the validity and amount of MLMC's margin call demand.

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
IRVINE

**DEFENDANT OWNIT LIQUIDATING TRUST'S MEMORANDUM OF POINTS AND AUTHORITIES**

reasonably believed that a settlement agreement was on the verge of being finalized and was poised, prior to December 5, 2006, to consummate new financing and loans with interested third parties to be funded by Chase in accordance with the settlement agreement.

Nonetheless, on December 4, 2006, unforeseeable circumstances invaded the Debtor's business – the settlement was not finalized and MLMC and Chase took actions that left the Debtor with insufficient funds to operate.. Faced with an extreme liquidity crisis, the Debtor was unable to fund loan commitments and unable to pay its employees. The Debtor was left with no choice but to immediately terminate nearly its entire workforce on December 5, 2006. After December 5, 2006, the Debtor continued operating with a greatly reduced staff of employees until December 28th, when it was forced to file for bankruptcy protection under Chapter 11.

## IV.

## ARGUMENT

**A.    While Permissible, Class Proofs of Claim Are Only Sparingly Allowed.**

In the Motion, Plaintiffs cite a litany of non-bankruptcy cases involving class certification for WARN violations. The Liquidating Trust does not disagree that in non-bankruptcy litigation regarding alleged Federal WARN violations and similar state law claims, class certification is often granted. The same does not hold true in bankruptcy cases.

A bankruptcy court's determination to apply Bankruptcy Rule 7023 to a contested matter or an adversary proceeding is an essential threshold requirement recognized universally in bankruptcy cases involving putative class claims. *See, e.g.*, *In re American Reserve Corp.*, 840 F.2d 487, 488 (7th Cir. 1988) ("proof of claim on behalf of a class" requires bankruptcy judge to "elect[ ] to incorporate Rule 23 via [Bankruptcy] Rule 7023 via [Bankruptcy] Rule 9014"); *Reid v. White Motor Corp.* (*In re White Motor Corp.*), 886 F.2d 1462, 1470 (6th Cir. 1989) ("objection [to a class proof of claim] creates a contested matter for which the bankruptcy court is permitted, but not obligated, to direct that [Bankruptcy Rule] 7023 apply"), *cert denied*, 494 U.S. 1080 (1990); *Birting Fisheries, Inc. v. Lane* (*In re Birting Fisheries, Inc.*), 179 B.R. 840 (D. Wash. 1950), *aff'd.*, 92 F.3d 939 (9th Cir. 1996) (citing, *inter alia*, *American Reserve* and *Reid*);[3] *In re*

---

[3]  In *Birting Fisheries*, the Ninth Circuit merely stated that class proofs of claim are permissible in bankruptcy cases.

*Ephedra Products Liability Litigation*, 329 B.R. 1, 5 (S.D.N.Y. 205) ("the [ ] class proof of claim]

cases hold that [Fed. R. Civ. P.] 23 may be invoked against the debtor only if the bankruptcy

court first makes a discretionary ruling under [Bankruptcy] Rule 9014 to apply [Fed. R. Civ. P.]

23 to the proof of claim"); *In re Woodward & Lothrop Holdings, Inc.*, 205 B.R. 365, 369 (Bankr.

S.D.N.Y. 1997) (proceeding as a class claim is "not automatic" as Bankruptcy Rule 9014

"expressly incorporates many of the individual rules comprising Part VII of the [ ] Bankruptcy

Rules but omits [Bankruptcy] Rule 7023.")  In summary, for a class claim to proceed:

> (1) the bankruptcy court must direct [Fed. R. Civ. P.] to apply, (2)
> the claim must satisfy the requirements of [Fed. R. Civ. P.] 23, and
> (3) the benefits that generally support class certification in civil
> litigation must be realized in the bankruptcy case.

*Id.* (citing cases).

A cursory review of the reported bankruptcy decisions reveals that class certification is

infrequently granted to allow the assertion of class proofs of claim.  For example, in *Ephedra

Products*, the District Court (sitting as a bankruptcy court following withdrawal of the reference)

concluded that the failure of the putative class claimants to seek an early ruling under Bankruptcy

Rule 9014 was a sufficient, independent basis to expunge putative class claims.  *Ephedra

Products*, 329 B.R. at 8.  *See also Wilson v. Valley Electric Membership Corp.*, 141 B.R. 309

(E.D. La. 1992); *In re Bi-Coastal Corp.*, 133 B.R. 252 (Bankr. M.D. Fla. 1991).

In order to frame a proper request to apply Bankruptcy Rule 7023, Plaintiffs would need

to justify supplanting the procedures ordinarily employed to resolve proofs of claim in bankruptcy

cases and explain how their counsel would be compensated  As one bankruptcy court has put it,

the Circuit Court decisions in *Reid* and *American Reserve* call for the bankruptcy court to

"balance the benefits to be derived and the burdens imposed" in allowing a class proof of claim.

*In re F&C International, Inc*., 1994 Bankr. LEXIS 274 (Bankr. S.D. Ohio 1994).  "[B]ankruptcy

significantly changes the balance of factors to be considered in determining whether to allow a

---

It left unanswered the substantive issues that are inherently involved in any class proof of claim.  Those issues
include what types of disputes/litigation warrant class proofs of claim as opposed to requiring individual proofs of
claim and  how class counsel may be compensated in light of the applicable provisions of the Bankruptcy Code.

class action and that class certification may be 'less desirable in bankruptcy than in ordinary civil litigation.'" *Ephedra Products*, 329 B.R. at 5 (quoting *American Reserve*, 940 F.2d at 493.)

In the seminal *American Reserve* decision, the Seventh Circuit noted a host of reasons why the advantages of class action in civil litigation simply do not apply in bankruptcy cases. For instance, the court held that while a class action "concentrates litigation in a single forum . . . [t]he bankruptcy forum, as a mandatory collective proceeding, serves this purpose without the overlay of the class litigation." *American Reserve*, 840 F.2d at 489. Courts have been particularly reluctant to apply Bankruptcy Rule 7023 where the request to authorize a class proof of claim comes late in the proceedings. In *F&C International*, for example, a bankruptcy court declined to apply Bankruptcy Rule 7023 to an untimely class proof of claim even where there had been a class action pending in District Court.

> Class proofs of claim are fraught with difficult issues and the best of circumstances and are not to be allowed nonchalantly . . . . [T]he claim before us, however, does not fall in that category. Instead we are faced with a procedurally deficient and late filed document asserting a massive claim, the liquidation of which would be a difficult and time consuming distraction.

*F&C International*, 1994 Bankr. LEXIS 274 at *4 - *5. Bankruptcy courts have also recognized that a class proof of claim is particularly unsuitable in a liquidation case. For instance, the court in *In re Thomson McKinnon Securities, Inc.*, 150 B.R. 98, 101 (Bankr. S.D.N.Y. 1992) held:

> The bankruptcy process is especially suited to the concept of individual filing and resolution of many claims in one case without the need for a series of suits which could otherwise be resolved in a class action, especially when dealing with a liquidation case. . . where the need for expeditious administration of assets is important for all creditors, including those not within the class.

As mentioned above, Plaintiffs have cited a number of non-bankruptcy cases in which federal district courts have granted class certifications in WARN lawsuits. Noticeably absent from this list of reported decisions are any involving proposed class certification to assert WARN and similar state law claims in bankruptcy cases.

The reason for this absence is simple. The majority of reported bankruptcy decisions have denied class certification for the assertion of WARN claims. For example, in *In re Sacred Heart Hospital of Norristown*, 177 B.R. 16 (Bankr. E.D. Pa 1995), a bankruptcy court denied class

1  certification to WARN claimants who sought permission to file a class proof of claim.  As

2  explained by the *Sacred Heart* court:

3      [W]e believe that the class proof of claim device may be utilized in
       appropriate contexts, but that such contexts should be chosen most
4      sparingly.  The situation where a class has been certified pre-
       petition by a nonbankruptcy court and the representative files a
5      claim on behalf of a class of parties the adequacy of the
       representation of whose interests is uncertain, or where a class
6      action has been filed a considerable time pre-petition and allowed
       to proceed as a class action in a nonbankruptcy forum, are the best
7      candidates for such treatment.

8  *Id.* at 18.  The *Sacred Heart* court then went on to note:

9      **If the goal is to try like issues of WARN or pension claims of
       many former employees in one, as opposed to numerous, trials,
10     we are certain that common counsel can easily devise a method
       to accomplish this end whether we certify a class or not.  If not,
11     the court would probably devise a method to do so itself.**

12  Id. at 25 (emphasis added).  This rationale applies with equal force here.  *See also Bailey v.*

13  *Jamesway Corp.* (*In re Jamesway Corp.*), 1997 Bankr. LEXIS 825 (Bankr. S.D.N.Y. 1997)

14  (denying class certification of WARN claims).  More recently, in *In re Musicland Holding Corp.*,

15  362 B.R. 644 (Bankr. S.D.N.Y. 2007), another bankruptcy court refused to allow class

16  certification for the assertion of employee claims.[4]

17      For the same reasons that these courts have denied class certification to file a class proof

18  of claim in the WARN and employment contexts, the instant Motion must be denied.[5]

19  ---

[4]  Interestingly, in the Motion, SMB—proposed class counsel—cites its role in representing employee classes in the
20  *Musicland* and the *First Magnus* cases in order to establish its suitability to serve as class counsel.  Motion, p. 16.
    Yet, conveniently, SMB fails to mention that the *Musicland* and *First Magnus* courts both denied class certification.

21  [5]  Plaintiffs cite and place great reliance on the decision in *First Alliance Mortg. Co. v. First Alliance Mortg. Co.* (*In
    re First Alliance Mortg. Co.*) , 269 B.R. 428 (C.D.Cal 2001).  Motion, pp. 18-19.  That case involved claims for
22  alleged unlawful business practices by class counsel, on behalf of potentially 2000 parties.  That class action
    litigation was ongoing in a California Superior Court at the time First Alliance filed for bankruptcy.  Upon the
23  bankruptcy filing, class counsel in the state court litigation filed a class proof of claim.  Under the facts of that case,
    the District Court allowed a class proof of claim and withdrew the reference to resolve the claim.  The *First Alliance*
24  decision is consistent with the body of law that allows class proofs of claim in those instances in there was pre-
    bankruptcy class action litigation.
25
    Here, there was no pre-bankruptcy class action litigation.  Quite the contrary, Plaintiffs' claims were not raised until
26  8 months into the case.  Now, by virtue of this Court's rulings Plaintiff are limited to only administrative claims.  In
    addition, the *First Alliance* court did not consider any of the class compensation issues that are discussed in the
27  following section of this Opposition.  Nor did it discuss the propriety of class proofs of claim in the context of
    individual employment related claims.  For all of these reasons, the *First Alliance* decision is of little relevance to the
28  pending Motion and request for class certification.

**B.** **Class Certification Is Not Appropriate When Compensation to Class Counsel is Prohibited or Otherwise Unavailable.**

Throughout Plaintiffs' Complaint, there are requests for attorney's fees and costs pursuant to California Labor Code §§ 218.5 and 1404 and 29 U.S.C. § 2104(a)(6). Yet, there is simply no legal basis for awarding any attorneys' fees or costs in connection with this matter. While this Court has allowed the three individual Plaintiffs to assert administrative Federal and California WARN claims, Plaintiffs' counsel is not entitled to assert an administrative claim for any legal services provided to the Plaintiffs. Nor may Plaintiffs' counsel seek to assess or surcharge any recovery by individual creditors.[6] Thus, class certification to file and prosecute a class proof of claim must be denied.

Secon 503(b)(1)(A)(ii) of the Code affords administrative classification only to "[W]ages and benefits awarded pursuant to a judicial proceeding or a proceeding of the National Labor Relations Board as back pay **attributable to any period of time occurring after commencement of the case under this title**,[7] as a result of a violation of Federal or State law by the debtor…" Section 503(b)(1)(A)(ii) does not authorize the recovery of attorneys' fees and costs as an administrative expense claim against a debtor.

Moreover, the Ninth Circuit Court of Appeals has repeatedly held that creditors are not entitled to recover post-petition attorneys' fees as an administrative claim. *See e.g.*, *Christian Life Ctr. Litig. Defense Comm. v. Silva* (*In re Christian Life Center*), 821 F.2d 525, 533 (9th Cir. 1987) (disallowed administrative priority to indemnitee for post-petition attorneys' fees covered by corporate indemnity); *Abercrombie v. Hayden Corp.* (*In re Abercrombie*), 139 F.3d 755, 758

---

[6] There, of course, is a third option. SMB could provide their legal services on a *pro bono* basis, in which case this argument against class certification would not apply. That does not appear to be SMB's intent in its request to be appointed class counsel.

[7] To the extent that Section 503(b)(1)(A)(ii) is applicable to Plaintiffs' claims, or the claims of other former employees, it is only applicable to claims that accrue after the Petition Date. The Debtor terminated its former employees on December 5, 2006 – 23 days before the Petition Date. Thus, any asserted administrative claim based upon California Labor Code 203 is limited to 7 days of wages, and any asserted administrative claim based upon the Federal WARN statutes is limited to 37 days of wages.

1    (9th Cir. 1998) (creditors' post-petition attorneys' fees incurred in litigation over a contract

2    entered into before the bankruptcy petition are not entitled to administrative priority).

3      While this Court may allow a class proof of claim under Fed. R. Civ. P. 23, the attorneys'

4    fees provision of that rule do not apply in bankruptcy. Fed. R. Civ. P. 23 does not and cannot

5    override § 503(b)(1)(A)(ii) and the provisions of the Bankruptcy Code which prohibit awarding

6    attorney's fees to administrative creditors. Moreover, Rule 23(h)(1) states that any request for

7    attorney's fees must be made pursuant to Fed. R. Civ. P. 55(d)(2). Yet, under the Bankruptcy

8    Rules, Fed. R. Civ. P. 54(d) does not apply in bankruptcy cases. This is another reason why

9    Plaintiffs' counsel is not entitled to compensation from the Liquidating Trust and the request for

10    class certification must be denied.

11      Plaintiffs may continue to argue that § 503(a)(3)(D) allows a committee of creditors to be

12    awarded attorneys' fees (as they did in response to the Debtor's Motion to Strike the Attorneys'

13    Fees Request). Such a possibility requires a showing that the "committee" made a substantial

14    contribution to the case. Plaintiffs' pursuit of their individual WARN claims, or those of an entire

15    class, is not something that would qualify under § 503(a)(3)(D). Moreover, under the Plan, the

16    time for a creditor to make such a claim has passed.

17      Plaintiffs previously referenced section 506(b) in support of recovering attorney's fees.

18    That statute allows for the recovery of attorneys' fees by an oversecured creditor. Here, Plaintiffs

19    are not secured creditors and section 506(b) is inapplicable.

20      Nor can Plaintiffs rely on *In re Certified Air Technologies, Inc.*, 300 B.R. 355 (Bankr.

21    C.D. Cal. 2003), and *In re World Sales, Inc.*, 183 B.R. 872, 878 (9th Cir. BAP 1995) to support

22    their supposed entitlement to attorneys' fees. *Certified Air* involved issues related to sections

23    507, 1113 and 1114 of the Code. That case has absolutely no relevance to claims under the

24    Federal and California WARN Acts. Like *Certified Air*, *World Sales* involved a claim under an

25    unrejected postpetition collective bargaining agreement. Pursuant to section 1113 of the Code, all

26    of the provisions of the collective bargaining agreement, including provisions governing the

27    recovery of attorneys' fees, remained in full force and effect during the course of the bankruptcy

28    case. In contrast, this case does not involve a collective bargaining agreement or §§ 1113 and

1114 of the Code. As such, neither *World Sales* nor *Certified Air* have any relevance to the issue of whether Plaintiffs are legally entitled to recover as administrative claims their attorney's fees incurred in a post-petition WARN lawsuit.

Plaintiffs may cite *Barnett v. Jamesway Corp.* (*In re Jamesway Corp.*), 235 B.R. 329, 348 (Bankr. S.D.N.Y. 1999), as they did previously. That case is also not applicable. In reaching its conclusion that certain WARN claimants (as opposed to class claimants) were entitled to recover their attorneys' fees as administrative claims, the *Jamesway* court extensively relied upon *In re Execuair Corp.*, 125 B.R. 600 (Bankr. C.D.Cal. 1991). In 2000, the Ninth Circuit specifically rejected the *Execuair* decision and its holding. *See Kadjevich v. Kadjevich* (*In re Kadjevich*), 220 F.3d 1016, 1020-21, ftnt 4 (9th Cir. 2000). In light of the numerous Ninth Circuit decisions holding that creditors are not entitled to recover their post-petition attorney's fees as administrative claims, the *Jamesway* decision has no persuasive authority in this Circuit.

Combined, all of these authorities establish that Plaintiffs are not entitled to recover attorneys' fees and costs from the Liquidating Trust.

That leaves only the claims of individual former employees and the distributions which the Liquidating Trust may eventually pay to those former employees on account of their Federal and State WARN statutory claims from which to pay attorneys' fees and costs. There is no legal means by which SMB, or any other proposed class counsel, can surcharge or assess the distributions payable to non-clients to pay class counsel's legal fees and costs.

Without any legal means for class counsel to be compensated, either from the Liquidating Trust or from the recoveries payable to non clients, any request for class certification to file and litigate a class proof of claim must be denied. Again, that does not mean that individual employees are prejudiced or without recourse. They are free to engage SMB or any other firm to individually represent their interests in this case, file and prosecute appropriate claims, and agree to whatever fee structure with their counsel they deem appropriate. They just cannot do so through the use of a class proof of claim.

**C.** **Plaintiffs Have Failed to Carry their Burden under Fed. R. Civ. P. 23.**

On any motion for class certification under Fed. R. Civ. P. 23, the proponents "bear the burden of establishing that the proposed class meets the requirements of Rule 23." *Doninger v. Pacific Northwest Bell, Inc.*, 564 F.2d 1304 (9th Cir. 1977).

1. Fed. R. Civ. P. 23 Must be Satisfied as to Each Proposed Class.

Fed. R. Civ. P. 23(c)(4) states that: "[w]hen appropriate . . . a class may be divided into subclasses and each subclass treated as a class, and the provisions of this rule shall then be construed and applied accordingly." Fed. R. Civ. P. 23(c)(4). Where the proponent of class certification has proposed a division of a class into subclasses, the requirements of Fed. R. Civ. P. 23 must be demonstrated as to each proposed subclass. *See Betts v. Reliable Collection Agency, Ltd.*, 659 F.2d 1000, 1005 (9th Cir. 1981) ("[E]ach subclass must independently meet the requirements of Rule 23 for the maintenance of a class action. A failure to do so will either require the dismissal of the action with respect to the subclass or force the action to proceed with [respect] to the members of the subclass on an individual basis.") In this liquidation case, the conflicting interests of the subclasses are manifest: each subclass (those that only have California WARN Act claim versus those that have both California WARN Act claims and Federal WARN Act claims) is competing for a large share of a limited amount of cash, and the success of either subclass in litigation could directly reduce the recoveries available to the other subclass. This problem may preclude class certification.

In order to make out a proper request for certification, Plaintiffs will need to demonstrate that the three proposed class representatives have typical claims and could adequately represent each of the two subclasses. At this point, the record is insufficient for the Court to assess and evaluate the named Plaintiffs' suitability to serve as class representatives.[8]

---

[8] The fact that Plaintiff Eberly did not file a proof of claim makes her atypical to the Debtor's other former employees who did file timely proofs of claims and thus raises an issue about her suitability to serve as a class representative.

Buchalter Nemer
A Professional Corporation
Irvine

2. Former Employees that Filed Claims May Not be Combined with Former Employees Who Did Not.

Plaintiffs' proposed subclass structure is impermissible under Fed. R. Civ. P. 23 to the extent Plaintiffs are proposing a class or subclass combining employees who timely filed proofs of claim in which WARN and similar California law claims were asserted with employees who did not. Parties with conflicting interests may not be combined in a class. See *Ortiz v. Fibreboard Corp.*, 527 U.S. 812, 856 (1999) (requiring a class of antagonistic claimants to be divided into homogenous subclasses free of conflicting interests). The interests of employee creditors who filed timely proofs of claim in which WARN and similar California law claim were asserted (such as now exists as to the three Plaintiffs) are fundamentally antagonistic to those who did not. Former employees holding timely claims would be harmed to the extent their distributions are diminished because of distributions made on account to tardily filed claims where such divergent interests may not be combined in a single class.[9]

3. A Class Action is not the Superior Means to Adjudicate Employee Claims.

As noted by the court in *Ephedra Products*, the showing under Fed. R. Civ. P. 23(b)(3) that a class action is superior to other available methods for a fair and efficient adjudication is particularly difficult to make in the context of allowing bankruptcy claims. As the *Ephedra Products* court noted, "[the] superiority of the class action vanishes when the 'other available method is bankruptcy, which consolidates all claims in one forum and allows claimants to file proofs of claim without counsel and at virtually no cost.'" 323 B.R. at 9 (noting, *inter alia*, the flexibility of the bankruptcy process in providing notice to potential claimants). The *Ephedra Products* court concluded, "[s]ince superiority of the class actions is lost in bankruptcy, *only compelling reasons* for allowing a particular opt out class claim can justify applying Rule 23."

---

[9] Further, as a matter of substantive bankruptcy law, any class of former employees who have or may in the future file a tardy claim (as requested by Plaintiffs in their Motion for Reconsideration) would not, by definition, be appropriate for class certification. In order to receive a distribution on a tardily filed claim in this case, the former employee would need to show that it lacked "actual knowledge of the bankruptcy case" in time to file a timely claim. *Coastal Alaska Lines*, 920 F. 2d at 1433 (9th Cir. 1990) (creditor with actual knowledge of the bankruptcy case, but who did not file a timely claim, was not entitled to participate in distributions with creditors who filed a timely proof of claim.)

*Id.* (emphasis added). *See also In re United Financial Corp.*, 277 B.R. 596 (Bankr. D. Del. 2002) (individual adjudication of 1,503 creditor claims by individual objection found superior to "inefficient and unmanageable" class adjudication.).

Plaintiffs make no showing of a "compelling case" for certification of a class claim. In reality, Plaintiffs appear to assume that the alternative to a class claim is chaos, rather than the procedures available, and ordinarily applied, to adjudicate large numbers of bankruptcy claims. The judicial preference for applying traditional means to resolve bankruptcy claims, rather than a class action, applies here. Former employees have filed proofs of claims and some have asserted WARN and similar California claims. The Liquidating Trust is in the process of attempting to resolve disputed claims, and, in fact, has reached a number of settlements with former employees. To the extent that other former employees have asserted in such context administrative claims, such claims can be addressed individually or, if necessary, in a coordinated fashion. Moreover, the two main issues are: (a) which of the Debtor's former locations is included within the scope of the Federal and California WARN statutes; and (b) whether the faltering company" exception, *see* 29 U.S.C. § 2102(b)(l); Cal. Lab. Code § 1402.5(a) and "unforeseen business circumstances" exception, *see* 29 U.S.C. § 102(b)(2)(A), preclude any recovery under the Federal and California WARN statutes. Even assuming these two issues are resolved in favor of former employees, then there would still need to be individual determinations as to the amount of each former employee's claim. This is exactly the point that was recognized by the *Sacred Heart* court when it denied class certification in connection with the assertion of Federal WARN claims by former employees.

    4. <u>There Is No Risk of Inconsistent or Varying Adjudications.</u>

Under Rule 23(b)(1), a class action can only be maintained if:

> (1) prosecuting separate actions by or against individual class members would create a risk of:
>
>  (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or
>
>  (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of

the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;

Here, Plaintiffs have failed to establish that the requirements of either Rule 23(b)(1) have been met.[10]

There is little to no risk of varying adjudications. Only this Court will determine which of the Debtor's former locations is included within the scope of the Federal and California WARN statutes; and whether the faltering company" and "unforeseen business circumstances" exceptions apply. Once that determination is made, it will control. Assuming the Court rules in favor of Plaintiffs, at that point this Court will adjudicate the exact amount of each individual former employee's specific claim. Those individualized rulings would not have any bearing or impact on the amount of any of the other former employees' WARN claims. Thus, the required showings under Rule 23(b)(1) have not been met.

5. <u>The Class Action May Not Include Former Employees that Have Executed Full Releases.</u>

In accordance with the Plan and the order entered by this Court approving a claim objection protocol, the Liquidating Trust has been entering into stipulations with former employees over the allowed amount of their claims. In the original stipulations, the Liquidating Trust made the following disclosures:

> D. On September 12, 2007, an adversary action (the "WARN Action") was filed against the Debtor on behalf of a proposed class of former California employees of the Debtor seeking recovery of, inter alia, (i) not less than $2.4 million for alleged violations of the Federal Workers Adjustment and Retraining Notification (WARN) Act ("Federal WARN") and the California counterpart thereof ("California WARN") and (ii) damages (Wage Continuation) under California Labor Code section 203 of not less than $1.5 million ("California Labor Code"), for a total claim of not less than $3.9 million (the "Asserted WARN-Related Claims").

---

[10] In order to sustain this Motion, Plaintiffs must show that one of the grounds under Rule 23(b) exists. As established by the analysis in this section of the Opposition, there are no grounds under Rule 23(b)(1) for allowing a class proof of claim. Rule 23(b)(2) does not apply to this type of matter. As established in the preceding section of this Opposition , there are no grounds under Rule 23(b)(1) for allowing a class proof of claim. Based upon the lack of grounds under 23(b) for maintaining a class action, Plaintiffs' request for class certification must be denied.

E.      The Debtor disputes the allegations asserted in the WARN Action and filed a motion to dismiss the WARN Action (the "Motion to Dismiss").  On February 6, 2008, the Court granted the Debtor's Motion to Dismiss but has delayed the effectiveness of its ruling to allow plaintiffs' counsel time to seek relief with respect to such Court's ruling.  In that regard, plaintiffs' counsel has filed a motion (the "WARN Motion") with the Court seeking to amend the plaintiffs' proofs of claim to set forth the Asserted WARN-Related Claims in such proofs of Claim.  The Court has not made a final ruling on the WARN Motion.  The Court may or may not grant the WARN Motion.  If the Court grants the WARN Motion and allows the plaintiffs to amend their proofs of claim, the Court may or may not extend its rulings on the WARN Motion to other persons.

F.      It is not clear the extent to which, if at all, the WARN Action or the WARN Motion, and the Court's rulings (made and to be made) in connection therewith, may affect Creditor or Creditor's claims against the Debtor, its estate and the Liquidating Trust. Creditor may or may not have claims based upon Federal WARN, California WARN, or the California Labor Code.  This Stipulation is intended to be, and shall be deemed to be, and shall be construed as, a full and complete settlement, discharge and release of any and all claims that Creditor could have asserted, or might have, based upon Federal WARN, California WARN, the California Labor Code, or any other federal, state or local law, statute, ordinance or rule governing employment or labor matters.[11]

With full knowledge of the WARN lawsuit and the possibility of being entitled to hold Federal and California WARN claims, approximately 100 former employees have executed the stipulations to date.  Contained in each of those stipulations, is full and complete release of all claims.  A majority of those stipulations have now been filed with the Court.  By virtue of these stipulations, the former employees have elected to forego being included in the class.  In the event that this Court is inclined to grant the motion, all former employees that executed releases must be excluded from the class.

6.      Proposed Counsel Has Not Carried its Burden under Rule 23(g).

Under Rule 23(g), a court must appoint class counsel unless a "statute provides otherwise."  Fed. R. Civ. P. 23(g)(1)(A).  Rule 23(g) requires that "[t]he attorney appointed to serve as class counsel must fairly and adequately represent the interests of the class."  Fed. R.

_____

[11] As this case progressed, and there have been developments pertinent to the WARN litigation, this language has been updated.

Civ. P. 23(g)(1)(B). Even where there is only one applicant for appointment of class counsel, the court may appoint the applicant only if the applicant satisfies the requirements of this Rule.

The Motion fails to establish grounds for appointment under Rule 23(g). In contrast to Plaintiff's casual treatment of the question, Rule 23(g)(1)(C) commands that the Court "must consider" four enumerated factors set forth therein. They include that proposed class counsel provide information regarding the "proposed terms for attorneys fees and non taxable costs."

The Motion fails to address the private fee arrangements entered into between the three Plaintiffs and the nearly 375 proposed class members (as alleged by Plaintiffs and SMB, in their Motion). As explained above, there is no basis by which SMB, or any other class counsel, may be awarded fees from the Liquidating Trust. Under the law, proposed counsel cannot surcharge or assess the claims of, and distributions to, proposed class members, without each creditor's prior written approval. Moreover, information regarding SMB's fee arrangements needs to be provided, but is not. *See, e.g.*, 5 Moore's Federal Practice, § 23.120[3][d][ii] (noting that "early disclosure of fee arrangements can avoid later difficulties); *see also Warnell v. Ford Motor Co.*, 205 F.Supp. 2d 956, 958-961 (N.D. Ill 2002) (discussing problems resulting from failure of counsel to disclose its fee arrangements at the outset of its service as class counsel). [12]

7.  The Proposed Class Notice Is Woefully Deficit and Misleading.

If class certification is granted, the proposed notice to be sent to the Debtor's former employees must be changed in order that it not be misleading.

Initially, the notice must be changed so that it informs former employees that their recoveries on these claims may be reduced, perhaps significantly, if proposed class counsel is entitled to assess its fees and costs against their claims.

---

[12] There is an additional issue which the Motion does not address. By virtue of the nature of these claims, the Liquidating Trust will be required to withhold Federal and California employment taxes from any distributions. *See Otis v. U.S.*, 419 U.S. 43 (1974)(bankruptcy trustee is required to withhold income and social security taxes from distributions). If SMB is seeking to assess or surcharge employees' distributions on account of these claims, it has not addressed how that will work in light of the Liquidating Trust's withholding obligations.

1        Additionally, the proposed notice states that "[SMB] has had extensive experience

2   litigating claims under the WARN Act and other employee rights statutes and bankruptcy

3   litigation."  This language is inappropriate for a class action notice.

4        The proposed notice allows former employees to opt out of the class by filing out and

5   returning a form to SMB by a deadline.  That opt-out procedure is unacceptable and unfair.  First,

6   there are some former employees that have already filed proofs of claims in which they asserted

7   WARN claims.  These former employees should be presumed to have already opted out of the

8   class.  Likewise, any former employees that executed full releases of WARN claims against the

9   Liquidating Trust should be presumed to have opted out.  Finally, other former employees should

10  be permitted to opt out by simply filing a proof of claim or filing the "Exclusion Form" with the

11  Court by a fixed deadline.  The Exclusion Forms must be filed with the Court instead of being

12  sent to SMB.

13       The proposed notice should also specify the two facilities in California for which the class

14  certification applies and should clearly state that only employees at such facilities are eligible to

15  be members of the class.

16       Finally, the proposed notice should clearly state that the asserted administrative claim

17  based upon California Labor Code Section 203 is limited to 7 days, not 30 days and that the

18  asserted administrative claim based upon the Federal WARN Act is limited to 37 days, not 60

19  days.

# V.

## CONCLUSION

Based on the foregoing argument and citations to authority, the Liquidating Trust respectfully requests that the instant Motion for class certification be denied.

DATED: April 30, 2008

BUCHALTER NEMER
A Professional Corporation


By:      /Is/ Jeffrey K. Garfinkle
          JEFFREY K. GARFINKLE
          Attorneys for Defendant
      THE OWNIT LIQUIDATING TRUST

**PROOF OF SERVICE**

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action.  My business address is at BUCHALTER NEMER, A Professional Corporation, 18400 Von Karman Avenue, Suite 800, Irvine, California  92612-0514.

On the date set forth below, I served the foregoing document described as:

**DEFENDANT OWNIT LIQUIDATING TRUST'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND OTHER RELIEF**

on all other parties and/or their attorney(s) of record to this action by placing a true copy thereof in a sealed envelope as follows:

See Service List.

☒    **BY MAIL**    I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. The address(es) shown above is(are) the same as shown on the envelope.  The envelope was placed for deposit in the United States Postal Service at Buchalter Nemer in Irvine, California on April 30, 2008.  The envelope was sealed and placed for collection and mailing with first-class prepaid postage on this date following ordinary business practices.

☒    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.  Executed on April 30, 2008, at Irvine, California.    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.  Executed on April 30, 2008, at Irvine, California.

| | |
|---|---|
| Debby Bodkin | /Is/ Debby Bodkin |
| | (Signature) |

## SERVICE LIST

*In Re OwnIt Mortgage Solutions, Inc.*
Adv. Proceeding No. SV 07-01212-KT
(USBK Central District of California, Case No. SV 06-12579)

Daniel I Barness, Esq.
Spiro Moss Barness Harrison & Barge
11377 W Olympic Blvd 5th Fl
Los Angeles, CA 90064-1683
310-235-2468
Fax : 310-235-2456

Gabriel I Glazer, Esq.
1901 Avenue of the Stars
Los Angeles, CA 90067
310-228-5600
Fax : 310-228-5788
Email: gglazer@stutman.com
Successor Trustee
OWNIT Liquidating Trust

Michael Goldstein, Esq.
Christine M. Pajak, Esq.
Stutman Treister & Glatt
1901 Avenue of the Stars
Los Angeles, CA 90067
310-228-5600
Fax : 310-228-5788
Counsel for OwnIt Liquidating Trust

Ira D. Kharasch, Esq.
Linda F. Cantor, Esq.
Pachulski Stang Ziehl, et al.
10100 Santa Monica Blvd.
11th Floor
Los Angeles, CA 90067
(310) 277-6910
Fax : (310) 201-0760
Counsel for OwnIt Liquidating Trust

*U.S. Trustee*
United States Trustee (SV)
21051 Warner Center Lane, Suite 115
Woodland Hills, CA 91367