Daniel I. Barness
  SBN 104203, daniel@spiromoss.com
**SPIRO MOSS BARNESS LLP**
11377 W. Olympic Blvd., Fifth Floor
Los Angeles, CA 90064
Telephone:  (310) 235-2468
Facsimile:   (310) 235-2456

Attorneys for Plaintiffs Amy Eberly, Erin Goodman, and Jamie Kirk, individually and on behalf of all others similarly situated

# UNITED  STATES  BANKRUPTCY  COURT

## CENTRAL  DISTRICT  OF  CALIFORNIA

### SAN  FERNANDO  VALLEY  DIVISION

| | |
|---|---|
| In re | CASE NO.  06-12579 KT |
| OWNIT MORTGAGE SOLUTIONS, INC., | Chapter 11 |
| | ADV.  NO.  07-01212 KT [CLASS ACTION] |
| Debtor. | |
| | REPLY MEMORANDUM IN SUPPORT OF MOTION FOR |
| AMY EBERLY, ERIN GOODMAN AND JAMIE KIRK, individually and on behalf of all others similarly situated, | CLASS CERTIFICATION AND OTHER RELIEF; MEMORANDUM OF POINTS AND AUTHORITIES |
| Plaintiffs | Date:          May 20, 2008 |
| v. | Time:         10:00 a.m. |
| | Place:        Courtroom 301 |
| OWNIT MORTGAGE SOLUTIONS, INC., | |
| Defendant. | |

REPLY MEMORANDUM IN SUPPORT OF MOTION FOR CLASS
CERTIFICATION AND OTHER RELIEF

# TABLE OF CONTENTS

I.   INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.  DISCUSSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    A.   The Opposition is Premised on an Erroneous Statement of the Law Regarding Applicability of Rule 23 in Adversary Proceedings, Rendering the Central Thesis of the Opposition Invalid. . . . . . . . . . . . . . . . . . . . . . 4

    B.   Respondent and/or the Successor to Respondent, Has Improperly Solicited Opt-outs . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

    C.   The Opposition Cannot Dispute the Multitude of WARN Act Cases in Which Certification was Granted. This Court has Granted Certification of WARN Classes In a Number of Cases . . . . . . . . . . . . . . . . . . . . . . 11

    D.   Respondent's Claim That "Compensation to Class Counsel is Prohibited or Otherwise Unavailable" is Without Merit. Even if True, This Would Not Preclude Certification . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

    E.   The Remaining Contentions in the Opposition Regarding Certification are Without Merit . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

        1.   Typicality of Claims of Proposed Representatives . . . . . . . . . . 16

        2.   Filing of Claims by Individual Class Members . . . . . . . . . . . . . 17

        3.   Class Action as a Superior Means to Adjudicate Employee Claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

        4.   Risk of Inconsistent or Varying Adjudications . . . . . . . . . . . . . 20

        5.   Respondent's Improper Opt-out Solicitations . . . . . . . . . . . . . . 21

        6.   Appointment of the Proposed Class Counsel Meets the Standards of Rule 23(g) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

        7.   The Proposed Form of Notice is Adequate and Has Been Approved by Another Court of this District . . . . . . . . . . . . . . . . . . . . . . . 24

III. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

DECLARATION OF DANIEL I. BARNESS . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

<u>TABLE OF AUTHORITIES</u>

<u>FEDERAL CASES</u>

Abercrombie v. Hayden Corp. (In re Abercrombie), 139 F.3d 755 (9th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -15-

Albemarle Paper Co. v. Moody, 422 U.S. 405, 442-43, 95 S.Ct. 2362, 2385 (1975)Albemarle Paper Co. v. Moody, 422 U.S. 405, 442-43, 95 S.Ct. 2362, 2385 (1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -6-

Bailey v. Jamesway Corp., (In re Jamesway Corp., BR1997WL327105(Bankr . . . -7-

Birting Fisheries, Inc. v. Lane, 92 F.3d 939, 940 (9th Cir. 1996) . . . . . . . -7-, -8-, -11-

Bledsoe v. Emery Worldwide Airlines, 258 F.Supp.2d 780792 . . . . . . . . . . . . . . . -6-

Certified Air Technologies, Inc., 300 Bankr. 355 (Bankr. C.D. Cal. 2003) . . -13-, -14-

Christian Life Ctr. Litig. Defense Comm. v. Silva (In re Christian Life Center), 821 F.2d 525, 533 (9th Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -14-

In re Ephedra Products Liability Litigation, 329 Bankr. 1 . . . . . . . . . . . . . . . . . . . . -19-

In re First Alliance Mortgage Co., 269 B.R. 428 (Bankr. C.D. Cal. 2001) . . . -17-, -18-

In re Jamesway Corp., 242 Bankr. 130, 132-134 (Bankr. S.D.N.Y. 1999) . . . . . . . -14-

In re Mortgage & Realty Trust, Bankr. 5 Bankr. 575 (Bankr. C.D. Cal 1991) . . . . -12-

In re Sacred Heart Hospital of Norristown, 177 Bankr. 16, 22 (Bankr. D.Tenn. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -8-, -20-

In re United Financial Corp., 277 Bankr. 596 (Bankr. D. Del. 2002) . . . . . . . . . . . -20-

In re World Sales, Inc., 183 Bankr. 872, 878 (9th Cir.BAP1995) . . . . . . . . . -14-, -15-

Siegel v. Federal Home Loan Mortg. Corp., 143 F.3d 525, 533 (9th Cir. 1998) . . -15-

<u>Statutes</u>

California Labor Code § 219 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -9-

California Labor Code § 218.5 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -14-

Federal Rules of Civil Procedure

Rule 23(c)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4,-9-

Federal Rules of Bankruptcy Procedure

Rule 9014 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -19-

Movants, Amy Eberly, Erin Goodman and Jamie Kirk, submit the following Reply Memorandum in support of their motion entitled "MOTION FOR CLASS CERTIFICATION AND OTHER RELIEF" (the "Motion"), and in response to the opposition the (the "Opposition") by the Ownit Liquidating Trust ("Respondent" or "OLT").  For the reasons set forth herein and in the Motion, Movants respectfully request that the Motion be granted in all respects.

## I.      INTRODUCTION

The Opposition goes to great pains to persuade the Court that certification should <u>not</u> be granted in this case, however, it presents not a single valid reason why the Motion should not be granted in all respects.

 In addition to the numerous flaws in its legal analysis, discussed below, the Opposition fails to mention that the WARN-related claims which are covered by the Complaint in the Adversary Proceeding are **not** scheduled; that former employees were **not given notice regarding such rights** in the Bar Date Order and that many such employees are uninformed about the violation of their rights and their entitlement to compensation.  Even now, attempts are being made to deprive them unfairly of such compensation through improper solicitation of opt-outs and releases.

Simply put, without certification and prosecution of the claims as a class action, there will be **no compensation** for  Debtor's employees and **no** mechanism for adjudication of such claims.  In other words, there is no "mandatory collective proceeding"[1] which would serve as an alternative to a class action in this case. The alternative to certification is that hundreds of former Ownit employees will be uncompensated for the financial hardships caused by Debtor's violations of the WARN Act and its failure to pay terminating wages immediately, as required by law.

At the heart of the Opposition is Respondent's desire that the $3.9 million which

---

[1]  Opposition, p.8:6

has been set aside in a special reserve account for former employees will be dissipated and paid to other types of creditors.

The Court, however, need not even consider the **true** underlying reason for the Opposition in order to overrule it and grant the Motion: For ample legal reasons having nothing to do with "policy" issues or concerns about uncompensated employees, there are more than sufficient grounds for granting the Motion.

First and foremost, the Opposition is premised on a fundamental mis-characterization of the law regarding the applicability of the F.R.Civ. Proc. Rule 23[2] procedures to this matter. This mischaracterization is then used to posit the wholly unsupported notion that class certifications in bankruptcy cases are "only sparingly granted".

Respondent also uses a patently erroneous reading of section 503(b)(1)(A)(ii) to argue that the Class is not entitled to recover attorneys' fees as part of an administrative expense claim; that an award of attorneys fees is problematic and that for this reason (citing no authority) certification should not be granted.

In a remarkable display of temerity, the Opposition points to its own violation of Rule 23(c) , and of California law to claim "opt-outs" have already occurred, urging holding this up as another reason why certification should not be granted.  In effect, it is attempting to whitewash the improper solicitation of waivers in violation of provisions of Rule 23.  Astonishingly, Respondent points to the non-mention of this improper solicitation as a as a reason why the proposed "Notice of Class Action" is "woefully inadequate".

Respondent misrepresents the proposed class and proposed sub-class, claiming a conflict between them, because one group holds federal WARN claims and the other holds California WARN claims.  There is no such classification in the Complaint or

[2]     Unless otherwise specified, references to rules hereinafter are to the Federal Rules of Civil Procedure.

the proposed definition of the Class and the WARN Sub-Class in the Motion. Pointing to this supposed differentiation, the Opposition wrongly claims a "conflict" between the proposed class and sub-class.

Further, Respondent makes unfounded arguments that **one** of the proposed class representative's claims are "atypical", and it presents an absurd argument, utterly unsupported by law, cited or otherwise, that there is an "antagonism" between putative class members who filed claims and those who did not.

Having failed to rebut, or even argue against, the numerous remaining issues set forth in the Motion supporting certification, the Opposition must be deemed to have consented to certification as to such facts and factors.

Finally, the Opposition's criticism of the proposed "Notice of Class Action" attached to the Motion is directly contrary to at least one court order within the Central District regarding the proper contents of the form of notice. It also ignores the provision of Rule 23 which provides that the Court can tailor such notice as it deems appropriate.

As discussed more fully below, the Opposition, in addition to having presented a number of misrepresentations about the law and facts of this case, utterly fails to overcome the compelling weight and numerous decisive factors which lead to the conclusion that certification of the proposed Class and WARN Sub-Class, appointment of the proposed class representatives, and of proposed class counsel, and approval of the proposed notice are appropriate.

## II. DISCUSSION

### A. The Opposition is Premised on an Erroneous Statement of the Law Regarding Applicability of Rule 23 in Adversary Proceedings, Rendering the Central Thesis of the Opposition Invalid.

In both its discussion and citation to cases, the Opposition incorrectly asserts that F.R.Bankr. Proc. Rule 9014 is the starting point in the determination of whether certification should be granted.  [Opposition, pp.6:1-9:28] This is simply  and irrefutably wrong.

The Opposition proclaims that F.R.Civ.Proc. 23 "may be invoked  against the debtor only if the bankruptcy court first makes a discretionary ruling under Rule 9014 to apply FRCP to the proof of claim"   [Opposition, p.7:2-4]

A not-so-cursory reading of quotations from the various cases cited by Respondent soon reveals that they are discussing the "discretionary" application of Rule 23 in the context of contested matters which are governed by F.R.Bankr. Proc. Rule 9014.

A  Rule 9014 "**Contested Matter**" is one in which relief is **requested by motion**.  [F.R.Bankr. Proc. Rule 9014(a)].

F.R.Bankr. Proc. Rule 9014(c) entitled "**Application of Part VII Rules**" enumerates the specific Part VII rules that apply, with the prefatory  "except as otherwise provided in this Rule and unless the Court directs otherwise".[3]  Notably absent from the enumerated Part VII Rules is F.R.Bankr. Proc. Rule 7023 which

---

[3] F.R.Bankr. Proc. Rule 9014(c)states, in pertinent part:

**c) Application of Part VII Rules.**
Except as otherwise provided in this rule, and unless the court directs otherwise, the following rules shall apply: 7009, 7017, 7021, 7025, 7026, 7028–7037, 7041, 7042, 7052, 7054–7056, 7064, 7069, and 7071.

governs class actions.

In contrast to **contested matters**, in which F.R.Bankr. Proc. Rule 9014 applies, **adversary proceedings** are governed by F.R.Bankr. Proc. Rule 7001, which states "**an adversary proceeding is governed by the Rules of this Part VII**."

F.R.Bankr. Proc. Rule 7003 entitled "**Commencement of Adversary Proceeding**" incorporates Rule 3 of Federal Rules of Civil Procedure, which in turn states **"a civil action is commenced by filing a complaint with the court."**

In this case, a complaint was filed on September 12, 2007, commencing this adversary proceeding. It is therefore indisputable that the provisions of Part VII of the Federal Rules of Bankruptcy Procedure, including F.R.Bankr. Proc. Rule 7023, and not F.R.Bankr. Proc. Rule 9014 are applicable.

In **this** case, which is an **adversary proceeding**, not a contested matter, F.R.Bankr. Proc. Rule 7023 (which incorporates F.R.Civ.Proc. 23) is among the rules made applicable by F.R.Bankr. Proc. Rule 7003[4].

Thus, the central theme of the Opposition that the Plaintiffs must "frame a request to apply F.R.Bankr. Proc. Rule 7023" and "justify supplanting the procedures ordinarily employed to resolve proofs of claim in bankruptcy cases" has **no applicability** in this case.

In advancing its misplaced argument about why the Court should exercise its discretion under (the inapplicable) F.R.Bankr. Proc. Rule 9014, and deny the Motion, the Opposition cites a number of cases which involve, not adversary proceedings, as is the case here, but **contested matters**, in which F.R.Bankr. Proc. Rule 9014 applies.

Furthermore, Respondent's statement that "the majority of reported cases have denied class certification for the assertion of WARN claims" [Opposition, p.8:27] is not only supported by **no** cited authority, it is based on cases cited in the Opposition, all of which, with the exception noted above, view certification through the

---

[4] *Birting Fisheries, Inc. v. Lane*, 92 F.3d 939, 940 (9th Cir. 1996)

"discretionary" lense of F.R.Bankr. Proc. Rule 9014.

In a case which is directly on point, the court in *Cain v. Inacom (In re Inacom)* *WL 1819997, at \*1 (Bkrtcy.D.Del. 2001)*, ruled, in a class action, that a WARN Act claim could be pursued as an adversary proceeding against a Chapter 11 debtor. In *Inacom*, the court denied a 12(b)(6) motion by the debtor, which contended that WARN Act claims could properly be asserted only in the context of a claim adjudication proceeding under F.R.Bankr. Proc. Rules 3007 and 9014. The *Inacom* court pointed to conflicting unpublished opinions -- one of which[5] held WARN actions to be equitable in nature, and the other holding the opposite. The *Inacom* court found the second case, *Loehrer v. McDonnell Douglas* **Corp.**, No. 91-1747 C(2), 1992 U.S. Dist. LEXIS 22555 (E.D.Mo. Oct. 5, 1992), to be the more persuasive. It followed *Loehrer*, because that opinion cited the concurring opinion of Justice Rehnquist in *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 442-43, 95 S.Ct. 2362, 2385 (1975) (where "the court retains substantial discretion as to whether or not to award back pay . . . the nature of the jurisdiction which the court exercises is equitable."). Additionally, *Loehrer* found that an award of back pay under the WARN Act is equitable relief, because such an award is intertwined with the equitable relief of ERISA benefits." *Id.* at 2.

In turn, the reasoning and conclusions of *Loehrer* and *Inacom* that WARN Act claims sound in equity were adopted by *Bledsoe v. Emery Worldwide Airlines*, 258 F.Supp.2d 780,792 (S.D.Ohio, 2003), which also held WARN Act claims to be equitable in nature (and for that reason, found that no jury trial right attaches to a WARN Act claim.)

Respondent cites *Bailey v. Jamesway Corp.*, (*In re Jamesway Corp.*, BR1997WL327105(Bankr. S.D.N.Y. 1997). That case, however, was decided on a fact-specific basis having nothing to do with the desirability of the class action

---

[5]     *Bentley v. Arlee Home Fashions, Inc.,* 861 F.Supp 65 (E.D.Ark.1994)

vehicle, which was not even in issue, because the claim adjudication there arose in the context of an adversary proceeding. Furthermore, to the extent *Bailey v. Jamesway* may be read as being at odds with *Birting Fisheries, Inc. v. Lane*, 92 F.3d 939, 940 (9th Cir. 1996), the 9th Circuit opinion which permits class adjudications in bankruptcy cases, it is not binding, and certainly inconsistent with the Ninth Circuit's views regarding class actions in bankruptcy proceedings.

Further, while it may be true that Debtor scheduled employee claims -- albeit only claims for basic compensation with no mention of WARN Act or LC 203 claims -- and scheduled basic compensation claims as undisputed [see, Debtor's Schedule E, an excerpt of which is attached as RJN Ex. "A"], it is **not** likely that the bulk of such employees are even aware of their rights under the WARN Act and/or under LC 203, and so they will, in all likelihood fail to seek compensation for Debtor's violations. Furthermore, because the basic compensation claims are treated as "undisputed" Id., it is not likely that the average employee would seek legal counsel regrading his or her claims against Debtor. As a practical matter, therefore, there is no alternative mechanism for adjudication of such claims. This case is therefore markedly different from *In re Sacred Heart Hospital of Norristown*, 177 Bankr. 16, 22 (Bankr. D.Tenn. 1995) [discussed in the Opposition at pp.8:26- 9:11], which, in any event arose in the context of an opposed motion, not an adversary proceeding; and in a jurisdiction holding a view of class claims which is opposed to that in the Ninth Circuit's.[6]

Thus, the numerous cases cited in the Motion supporting certification of WARN actions in a non-bankruptcy context, among others, and not those cited by the Opposition arising out of F.R.Bankr. Proc. Rule 9014 contested matters, should

---

[6] According to *Sacred Heart*: "Whether a class claim can be filed at all is open to question". *Id.* at 17.

govern the outcome of the Motion and support certification in this case.

Respondent's fundamental flaw in analysis and reasoning concerning this central issue undermines the credibility of the entire Opposition.  As is shown below, the remaining asserted grounds for denial of the Motion asserted in the Opposition are similarly baseless.

**B.  Respondent Has Improperly Solicited Opt-outs.**

In a flagrant attempt to circumvent the class action and cut off employee rights for **no consideration**, Respondent points to the releases it was able to obtain to try to bolster its failed arguments why certification should be denied.  [See, *e.g.,* Opposition, pp.16:13-17:20.] This is somewhat akin to proverbial patricidal defendant begging the court to have mercy on an orphan.

As set forth more fully in Movants' Omnibus Objection of Class Action Plaintiffs to Motions for Approval of Proposed Settlement Stipulations Between the Ownit Liquidating Trust and Various Former Ownit Employees - Request for Hearing:

1) The Proposed Settlements and Motion are attempting to effect opt-outs of the pending Adversary Proceeding in violation of F.R.C.P. Rule 23(c)(2).

2) The Proposed Settlements are aimed solely at attempting to defeat class certification, and therefore constitute a bad-faith litigation tactic.

3) The Proposed Settlements purport to pay already "allowed"  claims and no more, in exchange for waivers  of WARN-related claims.  They are thus devoid of consideration, and in violation of California law, including Labor Code § 219.

4) The Proposed Settlements and Motions are contrary to the Disclosure Statement and the Court's Order approving the Disclosure Statement; and contrary to the Plan and the Order Confirming the Plan, in that they

purport to effect a different treatment of allowed claims than as provided therein.

5) The Proposed Settlements and Motions and are inconsistent with, and violative of, *inter alia*, this Court's Order Granting Motion to Approve Claim Objection Protocol Pursuant to Federal Rule Bankruptcy Procedure Rule 3007 [Docket No. 1657];

6) The Proposed Settlements, if approved, would violate the due process rights of the Class Action Plaintiffs and of the proposed Class, if a class is certified, in that no notice was given in connection with the Omnibus Claim Objection notices[7] that the proponent would seek to effect WARN-related claims which are the subject of the Adversary Proceeding. Had such notice been given, Class Action Plaintiffs would have asserted objections at that time.

7) The Proposed Settlements should not be approved, in that they were obtained by use of economic duress and are unconscionable under applicable law.

---

[7] These include Notice of Debtor In Possession's (A) First Omnibus Objections to Employee Wage Related Claims Exceeding Maximum Priority Amount Under Section 507 of the Bankruptcy Code (Docket Nos. 1354 and 1355), (B) Second Omnibus Objections to Duplicate Claims (Docket Nos. 1356 and 1357), and (C) Third Omnibus Objections to Superseded or Amended Claims (Docket Nos. 1358 and 1359) Filed by Debtor Ownit Mortgage Solutions, Inc. 12/23/2007) [Docket No. 1360], and related notices

This further attempt to violate the rights of former employees illustrates why class certification is not only appropriate, but necessary in this case.[8]

### C. The Opposition Cannot Dispute the Multitude of WARN Act Cases in Which Certification was Granted. This Court has Granted Certification of WARN Classes In a Number of Cases.

Because of its application of the <u>wrong</u> legal standard (discretionary application of the Rule 23 procedures under F.R.Bankr. Proc. Rule 9014), Respondent's attempt to argue the irrelevance of the multitude of cases certifying WARN classes misses the mark entirely.

Respondent's claim that "the majority of reported cases have denied class certification for the assertion of WARN claims" [Opposition, p.8:27] is without support, as none of the cases cited br Respondent state that. Further, as shown, cases arising out F.R.Bankr. Proc. Rule 9014 have no applicability to this case.[9]

Aside from this fatal analytical flaw, the Opposition fails to recognize that the class-action device is particularly well-suited here, because there are hundreds of employees whose claims all arise from the same set of circumstances and whose rights are all established by the same body of law, just as was the case in *Birting Fisheries,*

---

[8]     On May 7, 2008, Movants filed their **"Omnibus Objection of Class Action Plaintiffs to Motions for Approval of Proposed Settlement Stipulations Between the Ownit Liquidating Trust and Various Former Ownit Employees - Request for Hearing"** which is directed to the improper solicitation of opt-outs.

[9]     F.R.Bankr. Proc. Rule 9014 makes the decision to apply the Rule 23 procedures discretionary.

*Inc.* 92 F.3d 939 at 940.

Furthermore, as stated above, this is **not** a case where the claims were identified in the Schedules and treated as "disputed". All employee claims are for base wages and possibly some PTO, and **none** are treated as "disputed", "contingent" and/or "unliquidated". Further, because the claims are listed as "priority" claims, and, but for the cynical device of the Releases, employee-creditors would have no reason to seek independent advice of counsel .[10]

If the Court is looking for guidance from other trial courts as to the certification of WARN claims in adversary proceedings, it need not look beyond the Central District of California. In both *Dealba v. Future Media Productions, Inc.*, Case No. 06-10170 and *Debra Benz et al. v. Consolidated Freightways*, Case No. 02-24284 this court granted certification of a WARN class. Furthermore, the Santa Ana Division also recently certified a WARN claim asserted in an adversary proceeding (*In re People's Choice*, Case No. SA 07-10765-RK). [Barness Declaration] Additionally, in at least two other trial court decisions, certification of WARN class claims was granted in separate adversary proceedings. [See, *e.g., Cain v. Inacom (In re Inacom) WL 1819997, at *1 (Bkrtcy.D.Del. 2001)* and *Loehrer v. McDonnell Douglas **Corp**., No. 91-1747 C(2), 1992 U.S. Dist. LEXIS 22555 (E.D.Mo. Oct. 5, 1992).*]

**D.     Respondent's Claim That "Compensation to Class Counsel is Prohibited or Otherwise Unavailable" is Without Merit. Even if True, This Would Not Preclude Certification.**

Respondent's presentation [Opposition, pp. 10:1-12:26] regarding the

_____

[10]     In a similar vein, inadequate treatment/notice to potential class members drove the decision in *In re Mortgage & Realty Trust*, Bankr. 5 Bankr. 575 (Bankr. C.D. Cal 1991) to grant certification.

purported interplay between class certification and attorneys fees is a work of fiction.

It is remarkable that, notwithstanding unequivocal statutory provisions for attorneys' fees in both the California Labor Code and with respect to the WARN Act, Respondent claims there is no basis for an award of attorneys' fees. [Opposition, p. 10:3-4].

Similarly there is no basis, cited in the Opposition or otherwise, for Respondent's claim that class certification must be denied for this reason – even if it were a valid reason, which it is not. [Opposition, p. 10:8-9].

The statements in the Opposition that "there is no legal means by which SMB . . . can surcharge or assess the distributions payable to **non-clients** to pay class counsel's legal fees and costs" [Opposition, p.12] as a basis for denial of certification is an exercise in circular reasoning and non-sequeter: Only if the class is **not** certified will there be no basis for surcharging recoveries by claimants who were putative class members. Once certification is granted, such a basis **will** exist. @@

The Opposition cites not a single case, nor other authority, to support its claim that if compensation of class counsel were problematic, this would provide a basis for denial of certification.

As a matter of bankruptcy law, courts have held that attorneys' fees incurred in connection with a specific-level priority claim are entitled to the same level of priority. Thus, in *Certified Air Technologies, Inc.*, 300 Bankr. 355 (Bankr. C.D. Cal. 2003), attorneys' fees were granted in connection with a motion to compel administrative expenses, and were also accorded administrative expense status. *Id.* at note 9. [See, also, *In re World Sales, Inc.*, 183 Bankr. 872, 878 (9th Cir.BAP1995) (attorneys' fees arising from breach of unrejected pre-petition collective bargaining agreement accorded administrative expense priority.]

Likewise, in *In re Jamesway Corp.,* 242 Bankr. 130, 132-134 (Bankr. S.D.N.Y.

1999)[11], where WARN damages were awarded as an administrative expense, Attorneys' fees associated with that recovery were also given the same treatment.

The two cases cited by Defendant do not dictate a contrary result, and they can be easily distinguished from the present case.

In each of these cases, the underlying claim was determined to be a general unsecured claim, so that attorney's fees associated therewith were also accorded "general unsecured" treatment. Unlike this case, neither of Respondent's cited cases involved a fee-shifting statute such as the WARN Act or Labor Code section 218.5, and, also unlike this case, neither case involved an underlying claim falling under either section 503(b)(1)(A)(ii) or section 507(a)(4).

In *Christian Life Ctr. Litig. Defense Comm. v. Silva (In re Christian Life Center),* 821 F.2d 525, 533 (9th Cir. 1987), [cited in the Opposition at p.10:17],the Ninth Circuit refused to grant administrative expense status to legal fees incurred post-petition because they were incurred in defending litigation that resulted from prepetition obligations. The Ninth Circuit later elaborated on its holding in that case by stating that "[a]lthough the legal fees expended in defending a corporate officer in In re Christian Life were actually incurred post-petition, we held that the claim arose pre-petition because the corporation's obligation to indemnify the officer arose from pre-petition services, i.e., it was a form of compensation." *Siegel v. Federal Home Loan Mortg. Corp.*, 143 F.3d 525, 533 (9th Cir. 1998) (citations omitted). "In reaching that conclusion, we emphasized that it makes no difference that the duty to indemnify

---

[11]     In a separate opinion in the same case, the court pointed out that "Section 2104(a)(6) has been interpreted as a fee shifting statute, and provides prevailing plaintiffs in WARN Act suits with reasonable attorneys' fees unless such an award would be unjust." *In re Jamesway Corp.*, 235 Bankr. 329, 348 (Bankr. U.S.D.N.Y. 1999) .

[the officer] for litigation expenses . . . did not accrue until after the petition was filed when [the officer] incurred those expenses; the critical fact is that the claim for indemnity arose from pre-petition services [the officer] provided the corporation." *Id*. at 533.

Similarly, in *Abercrombie v. Hayden Corp. (In re Abercrombie)*, 139 F.3d 755 (9th Cir. 1998), which held that the attorneys' fees there at issue were not entitled to administrative priority despite their incurrence post-petition. There, the obligation arose from a real estate contract action which had been initiated prepetition, and, of course, no statutory right to a higher-level priority claim was implicated.

While Defendant argues that here too the "services" were rendered pre-petition, it ignores the fact that like the attorneys fees found in *In re World Sales, Inc.* 183 Bankr. at 879 to be entitled to administrative expense status because they were associated with an unrejected collective bargaining agreement, the treatment of which congress elevated through enactment of section 1113(f), so too here, the treatment of the Class Claims under sections 507(a)(4) and 503(b)(1)(A)(ii) elevates the associated attorneys' fees to the same levels. [12]

Finally, The matter of compensation of class counsel is subject to Rule 23(h) which will be decided at the appropriate time.[13]

---

[12]    It can also be argued that, in fact the Class Claims were still accruing after the Petition Date:  Under both the WARN Act and LC § 203, wages continued for sixty days and thirty days, respectively, which periods both terminated post-petition.

[13]    The Opposition makes much of the fact that there is no equivalent of Rule 54(d)(2) -- erroneously called Rule 55(d)(2) --in the Federal Rules of Bankruptcy Procedure.  [Opposition, p.11:6-10] The suggestion that

So it can be seen that the Opposition's underlying premise -- that attorneys' fees would not be available to a prevailing administrative claimant -- is without support. [14]

**E.    The Remaining Contentions in the Opposition Regarding Certification are Without Merit.**

**1.    Typicality of Claims of Proposed Representatives.**

---

the absence of an incorporation of Rule 54(d)(2)into the Bankruptcy Rules precludes award of attorneys fees is hyper-technical nonsense.  If that were true, there would never be certification in any bankruptcy case. The Rule simply says that "a claim for attorneys fees and related non-taxable expenses **must be made by motion unless the substantive law requires those fees to be provided at trial as an element of damages**." [Emphasis added.] Would Respondent have the Court believe that a motion for attorneys fees does not exist in the bankruptcy context? Truly, Respondent's attempts to bend over backwards to defeat certification know no bounds.

[14] Respondent takes a few *ad hominem* "pot-shots" at SMB in the  course of its discussion regarding attorneys' fees for the proposed class -- going so far as suggesting that proposed class counsel should work on a *pro bono* basis [Opposition, p.10, note 6].  As if "above the fray", it fails to mention, however, the substantial sums that have been approved for payment of estate professionals in this case, including those of Buchalter Nemer.  [Most recently (Docket item # 1772), the Court approved payment of over $200,000 for Buchalter Nemer.]

Respondent makes the unfounded argument that a conflict exists between the class and sub-class because of purported assertions of California WARN versus Federal WARN claims.  [13:14-19]

It appears that Respondent might not have read the Complaint.  In any case, this is a **flagrant misrepresentation**:  All proposed class members are California employees.  The only difference between the proposed sub-classes is that all class members would have LC 203 claims, whereas the WARN sub-class would have LC 203 claims <u>and</u> WARN claims.

The Opposition also attempts to make a case that because one of the class representatives did not file a proof of claim by the Bar Date, her claim is "atypical." [Opposition, p.13, note 8]  This line of reasoning is directly contrary to the holding of *In re First Alliance Mortgage Co.*, 269 B.R. 428 (Bankr. C.D. Cal. 2001)**]** which held that there is no need for individual class members to even file a proof of claim as long as a class is certified.

### 2.    <u>Filing of Claims by Individual Class Members</u>

The forgoing discussion regarding the failure of one of the class representatives to file an individual claim is equally applicable as to potential class members who did not file individual proofs of claim.  [Opposition, p.14:1-13] This is another red herring, given the ruling *In re First Alliance Mortgage Co.,* and presents utterly no conflict between the putative class members who filed claims and those who did not.

### 3.    <u>Class Action as a Superior Means to Adjudicate Employee Claims</u>.

Respondent goes to great lengths to try to convince the Court, relying on the wrong rule, that the WARN related claims are more efficiently handled through the claims process.  This argument casts Respondent as the "fox in the henhouse".   Of course, there should be no illusion that the goal of the Opposition is not to find a

"superior means to adjudicate" former employees' WARN-related claims, [Opposition, p.14:1-2], but rather to quash such claims.

The Opposition pretends that absent a class action there would be adjudication of WARN claims. Respondent knows full well that that is <u>not</u> the case. It knows that the cost and effort of individual employees litigating such claims would preclude such prosecutions. As stated elsewhere, the true goal in seeking to defeat certification is not because the alternative is "more efficient administration," but that these claims would **not** be prosecuted and Respondent and its predecessors would avoid the consequences of Debtor's violations of law.

There is no alternative to a class action for the adjudication of the vast majority of claims, because:

1. Respondent and others have improperly sought opt-outs, as discussed above through legally invalid releases and settlement agreements;

2. Debtor's Schedule E makes no mention of WARN Act or LC 203 claims for former employees [<u>see</u>, Debtor's Schedule E, an excerpt of which is attached as RJN Ex. "A"];

3. Debtor's Schedule E lists only basic compensation claims, treating them as undisputed. *Id.*;

4. The cost of litigating individual claims will, and has, deterred individual prosecution of claims;[15]

5. It is **not** likely that the bulk of such employees are even aware of their rights under the WARN Act and/or under LC 203, and so they will, in all likelihood fail to seek compensation for Debtor's violations.

---

[15] To the knowledge of Movants there have been no other adjudications of WARN claims by individual claimants. [Barness Declaration]

Finally, the Opposition cites three cases in an attempt to bolster its claim that individual (hypothetical) adjudications would be superior to a class action for adjudicating the claims.

The Opposition first cites *In re Ephedra  Products Liability Litigation*, 329 Bankr. 1 (S.D.N.Y. 2005) [Opposition at p.14:15-16]. First, the Court found F.R.Bankr. Proc. Rule 9014 applicable, triggering the Court's discretion to apply Rule 23 proceedings[16]. Id. at p. 5. Perhaps more importantly, the court cited potential interference with distributions to creditors arising from an "untimely" assertion of a massive consumer claim. Id. at p.7. Finally, the Court also found the particular circumstances surrounding the asserted claim failed to meet the requirements of Rule 23. [Id. at p.10]

This case is markedly different than *Ephedra,* which did not involve WARN-related claims. In this case, an Adversary Proceeding[17], the Section VII rules apply, including F.R.Bankr. Proc. Rule 7023. Second, provision has already been made for distributions to other creditors. The Plan here clearly contemplates the Reserve and the possibility that $3.9 million could be paid to the Class. Last,  this case does not involve a mass tort claim involving claims of a few dollars to each potential class member. [*Ephedra* at p.10]  The claims here are for monies that are significant to each affected employee. [See Declarations in support of Motion.]  Here, there are not

---

[16]    For the reasons stated above with regard to F.R.Bankr. Proc  9014, Movants submit that *Ephedra* improperly applied Rule 9014.  In any event, *Ephedra* involved a products liability claim, **not** a WARN claim, which as been held properly asserted as an adversary proceeding.

[17]    See cases cited *supra* standing for the proposition that WARN claims may be properly be asserted through an Adversary Proceeding.

hundreds of thousands of potential claimants. Here there are fewer than 500 claimants. *Ephedra* is therefore both factually and legally distinguishable from the present case.

The Opposition also cites *In re United Financial Corp.*, 277 Bankr. 596 (Bankr. D. Del. 2002). That case arose as a contested matter (a contested motion for leave to file a class claim), not an adversary proceeding. Certification was denied principally because the court there found too many individual differences as to each borrower's home improvement work order and any contemporaneous oral discussions or written communications about requested loan amount, rendering class certification inappropriate. 277 Bankr. at 606.

*In re Sacred Heart Hospital of Norristown*, 177 Bankr. 16 is similar to *United Financial*, in that it also arose in the context of a contested matter initiated by the filing of a **motion** (*Id.* at 18), not an adversary proceeding governed by F.R.Bankr. Proc. Rule 7002, as is the case here. Furthermore, contrary to the view in the Ninth Circuit, the court in *Sacred Heart* stated "Whether a class claim can be filed at all is open to question" *Id.* at 19.

Respondent also points to the fact that it has sought settlements with a number of former employees, to prop up its claim that other forms of claim adjudication are superior to the class action mechanism. [Opposition, p.15:9-12]. Ironically, and aside from the fact that Movants have opposed such settlements on numerous grounds [Barness Declaration], Respondent's attempts in this regard demonstrates why certification is necessary, as discussed below.

**4.** **Risk of Inconsistent or Varying Adjudications**.

As stated, Respondent and/or others have/has sought illegally to solicit waivers. In exchange for its preexisting obligation to pay allowed claims, pursuant to the Plan and order confirming the Plan, Respondent and those working in concert with

Respondent are attempting to seek waiver of WARN and related claims. This is inconsistent with a judgement sought by way of the class action adversary proceeding to seek and obtain redress and compensation for Debtor's violations of law.

As discussed above, the solicitation of the waivers, which is the central feature of the settlement is contrary to law, contrary to the provisions of the plan and the order confirming plan, contrary to the provisions of the notice regarding omnibus claims objections and is unenforceable. That Respondent would attempt to use these purported settlements in order to attempt to defeat class certification shows that they were designed exclusively for this purpose.

Any determination that the waivers/settlements are valid would be a "contrary and inconsistent adjudication in relationship to the relief sought through the class action Adversary Proceeding.

### 5. Respondent's Improper Opt-out Solicitations.

The Opposition claims that approximately 100 former employees have executed stipulations releasing their WARN-related claims. [Opposition, p. 17:14-20] The solicitation of de facto opt-out is in violation of Rule 23(c) governing the matter of opt-outs. Furthermore, because the waivers violate California law, as set forth above and in Movants' separately-filed objection(s) to such waivers, they are invalid.

Finally, as these waivers have been challenged, and a hearing with respect thereto has been requested, the matter of the validity of such waivers has yet to be determined.

Accordingly, the matter of the purported waivers, releases and settlements should not be accorded any consideration in connection with class certification.

### 6. Appointment of the Proposed Class Counsel Meets the Standards of

**Rule 23(g).**

The Motion and accompanying Declaration of Daniel I. Barness set forth the facts to support a finding under Rule 23(g)(1)(A).

Rule 23(g) regarding the appointment of class counsel contains mandatory and permissive provisions. Set forth below is the complete text of Rule 23(g) regarding appointment of class counsel.

**(g) Class** Counsel.

**(1)** *Appointing Class Counsel.* Unless a statute provides otherwise, a court that certifies a class must appoint class counsel. In appointing class counsel, the court:

**(A)** must consider:

**(i)** the work counsel has done in identifying or investigating potential claims in the action;

**(ii)** counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

**(iii)** counsel's knowledge of the applicable law; and

**(iv)** the resources that counsel will commit to representing the class;

**(B) may** consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class;

**(C) may** order potential class counsel to provide information on any subject pertinent to the appointment and to propose terms for attorney's fees and nontaxable costs;

**(D)** may include in the appointing order provisions about the award of attorney's fees or nontaxable costs under Rule 23(h); and

**(E)** may make further orders in connection with the appointment.

**(2)** *Standard for Appointing Class Counsel.* When one applicant seeks appointment as class counsel, the court may appoint that applicant only if the applicant is adequate under Rule 23(g)(1) and (4). If more than one adequate applicant seeks appointment, the court must appoint the applicant best able to represent the interests of the class.

**(3)** *Interim Counsel.* The court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action.

**(4)** *Duty of Class Counsel.* Class counsel must fairly and adequately represent the interests of the Class.

The sub-sections on which the Opposition focuses, especially subsection (g)(1)(C) are matters the Court <u>may</u> consider, **not** matters the Court <u>must</u> consider, as part of a certification motion.[18]   In this regard, the Opposition again makes a misrepresentation about the law.  It claims that the Court **must** consider the matters specified by subsection (g)(1)(C) -- (proposed for terms of attorneys' fees and non-taxable costs) [Opposition, p.1], when in fact, that is part of the **permissive** ("may") provisions.

The fact that these <u>permissive</u> matters were not included in the Motion does not lead to the conclusion, as urged by Respondent, that "class certification is not appropriate" or that even if Respondent were correct with regard to payment of attorneys fees, which it is not, that this would be a basis for denial of certification.

As to the permissive provisions, which is the focus of Respondent's argument, the attached declaration of Daniel I. Barness shows that, if necessary, Movants will disclose the the basic arrangements for compensation and reimbursement of non-taxable costs which have been agreed to as between SMB and the individual proposed class representatives.  [Barness Declaration]

---

[18]   If directed by the Court, Movants will show, and hereby makes an offer of proof,  that SMB can and will commit the resources necessary to prosecute this action; and regarding the basic terms of compensation pursuant to written fee agreements, which establish that SMB can and will "fairly and adequately represent the interest of the class." [Barness Declaration]

**7.** **The Proposed Form of Notice is Adequate and Has Been Approved by Another Court of this District.**

It is curious that Respondent describes the proposed notice as "woefully deficient and misleading" [Opposition, p. 18:17].

The proposed Notice of Class Action which is attached to the Motion contains *verbatim* (without the particulars of this case) all of the provisions of the Notice approved by Judge Kwan in the *People's Choice* WARN-Act class action.[Barness Declaration]

In any event, the notice is not required as part of a motion for class certification and it can easily by tailored to the Court's instructions. [See, *e.g.,* Rule 23(c)(2), stating "the court may direct appropriate notice to the class".]

III. **CONCLUSION**

The Opposition contains a multitude of flaws in its legal analysis, applying the wrong rule to the question of whether class certification should be granted, as well as a mischaracterization of permissive provisions of Rule 27(g)(1), describing them as mandatory. The Opposition also misrepresents key facts, such as the make-up of the proposed class and sub-class herein.

The claims which are sought to be included in this class action are **not** scheduled. The putative class members were **not given notice regarding such claims** in the Bar Date Order, and are undoubtedly uninformed about the violation of their rights and their entitlement to compensation. On top of that, attempts are being made to deprive them unfairly of such compensation through improper solicitation of opt-outs and releases. Therefore, without certification and prosecution of the claims as a class action, there will be **no alternative means of adjudicating these claims, and therefore no possibility of compensation** for the financial hardships caused by Debtor's violations of the WARN Act and its failure to pay terminating wages immediately, as required by law. Funds have already been set aside and earmarked for payment of such claims.

Finally, the Opposition's criticism of the proposed "Notice of Class Action" attached to the Motion is directly contrary to at least one court order within the Central District approving exactly the form of proposed notice of class action attached to the Motion. In any event, it ignores the fact that the Court can tailor such notice as it deems appropriate.

1      For the forgoing reasons, and those set forth in the Motion, Movants respectfully

2 request that the Court grant the Motion in all respects and approve the proposed Notice.

3

4 Respectfully Submitted

5

6 Dated:  April 11, 2008      Spiro Moss Barness LLP

7                 /s/ DANIEL I. BARNESS

8                 ————————————————
                Daniel I. Barness
                Attorneys for Plaintiffs Amy Eberly, Erin
9                 Goodman and Jamie Kirk individually and on
                behalf of all others similarly situated

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF DANIEL I. BARNESS

I, DANIEL I. BARNESS, hereby declare:

I am an attorney at law duly licensed to practice before all courts of the state of California and before this Court. I am a partner in the law firm of Spiro Moss Barness LLP, proposed class counsel herein. The facts stated herein are known personally to me to be true, and if called upon to testify as to the truth of such matters, I could and would so testify.

1. I was one fo the attorneys of record in the *Musicland* case. There were two California wage and hour class actions asserted against Musicland Holdings, Inc. One the them, the reported decision, resulted in denial of certification, because Judge Bernstein held that the action had been commenced too late, and the reorganization case had progressed too far. It was the other class action, resulting in a settlement, in which I was one of two class counsel. Although I was not involved in the WARN class action in *In re First Magnus* -- I was involved in a class claim for Truth In Lending Act violations -- I am aware that the court's order denying certification of a WARN claim is on appeal, and as of this date, there has been no decision on that appeal.

2. In another WARN Act case, in which I was designated co-class counsel, Judge Kwan of the Santa Ana Division recently certified a class with respect to a WARN Act claim in an adversary proceeding entitled *In re People's Choice*, Case (No. SA 07-10765-RK).

3. To my knowledge, there have been no adjudications of WARN claims by individual claimants in this matter, nor adjudication of any WARN Act claims.

4.     On May 7, 2008, I filed an Omnibus Objection to the approximately 100 proposed settlements, which entailed waiver of the claims asserted in the Adversary Procceing, including WARN Act claims and LC 203 claims.

5.     If requested by the Court, I will show, and hereby makes an offer of proof,  that SMB can and will commit the resources necessary to prosecute this action.  I will also, if requested by the Court, disclose the basic terms of compensation and payment of non-taxable costs.  In my opinion, these matters will show that SMB can and will "fairly and adequately represent the interest of the class", as has been done in numerous other cases in which SMB was appointed class counsel.

6.     The proposed Notice of Class Action which is attached to the Motion contains *verbatim* (without the particulars of this case) all of the provisions of the Notice approved by Judge Kwan in the *People's Choice* WARN-Act class action.

    I declare under penalty of perjury that the foregoing is true and correct and that this Declaration was executed this May 13, 2008 at Los Angeles, California

/s  DANIEL I. BARNESS

_____

Daniel I. Barness