


# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>OWNIT MORTGAGE SOLUTIONS, INC.,<br><br>Debtor. | Case No. 1:06-bk-12579-KT<br><br>Chapter 7 |
| AMY EBERLY, ERIN GOODMAN AND JAMIE KIRK, individually and on behalf of all others similarly situated,<br><br>Plaintiff(s).<br><br>v.<br><br>THE OWNIT LIQUIDATING TRUST,<br><br>Defendant. | Adv. Case No. 1:07-ap-01212-KT<br><br>**TENTATIVE RULING ADOPTED BY THE COURT AS ITS FINAL RULING ON DEFENDANT THE OWNIT LIQUIDATING TRUST'S MOTION FOR SUMMARY JUDGMENT**<br><br>Hearing Date: September 17, 2009<br>Time: 3:00 p.m.<br>Place: Courtroom 301<br>21041 Burbank Blvd.<br>Woodland Hills, CA 91367 |

The court hereby adopts the tentative ruling issued prior to the hearing as set forth below:

The legal argument advanced by the post-confirmation Liquidating Trustee is: claims in this case arising under section 503(b)(1)(A)(ii) (here, WARN Act claims) cannot be given administrative status because payment of said claims at the beginning of the case (i.e., between the petition date on December 28, 2006, and the end of January

1

2007) would have caused the layoff or termination of the debtor's then current employees. The Liquidating Trustee supplements this argument with the following factual showing:

(1) The debtor held approximately $7,465 in operating funds at the end of December 2006.

(2) The debtor held approximately $194,767 in operating funds at the end of January 2007.

(3) Following the petition date, the debtor retained 11 employees and hired approximately 12 other former employees on a limited basis.

(4) The plaintiffs allege that they are entitled to no less than approximately $3,900,000 for which they claim administrative status under section 503(b)(1)(A)(ii).

(5) Even the maximum exposure estimated (but disputed) by the Liquidating Trustee exceeds the amount of operating capital held by the debtor in the first month after the commencement of the case.

The plaintiffs respond by disputing the moving party's factual showing but rest their opposition on interpretation of the statute. They assert that the statutory predicate requiring that payments under section 503(b)(1)(A)(ii) "will not substantially increase the probability of layoff or termination of current employees..." does not look to the period immediately after the commencement of a case. Instead, the plaintiffs argue that the entitlement looks to a time that is no earlier than when the right to payment is awarded, i.e., after a judicial proceeding or a proceeding of the National Labor Relations Board. That time has not yet been reached in this case. The plaintiffs further argue that the Liquidating Trustee's reading of the statute requires words to be added to the actual text.

| | |
|---|---|
| 1 | Both sides concede that there is no case law on this issue of interpretation. The |
| 2 | court agrees with the plaintiffs. The time to assess the effect of status as an |
| 3 | administrative claim under section 503(b)(1)(A)(ii) is no earlier than the time payment |
| 4 | can be enforced after resolution of all other disputes. Therefore, the motion is |
| 5 | DENIED. |

DATED: OCT 1 3 2009

*Kathleen Thompson*

KATHLEEN THOMPSON
U.S. Bankruptcy Judge

| | |
|---|---|
| 1 | **NOTICE OF ENTERED ORDER AND SERVICE LIST** |
| 2 | Notice is given by the court that a judgment or order entitled (*specify*) **TENTATIVE RULING ADOPTED BY THE COURT AS ITS FINAL RULING ON DEFENDANT THE OWNIT LIQUIDATING TRUST'S MOTION FOR SUMMARY JUDGMENT** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below: |

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of __**9/18/09**__ the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below:

Daniel I Barness    daniel@spiromoss.com
Jeffrey K Garfinkle    bkgroup@buchalter.com, jgarfinkle@buchalter.com

☐ Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

Ira D. Kharasch
Pachulski Stang Ziehl, et al.
10100 Santa Monica Blvd 11th Floor
Los Angeles, CA 90067

☐ Service information continued on attached page

**III. TO BE SERVED BY THE LODGING PARTY:** Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s) and/or email address(es) indicated below:

☐ Service information continued on attached page